## STARR v. BOARD OF COMMISSIONERS OF THE COUNTY OF DELAWARE.

[No. 5,958.   Filed November 27, 1906.   Rehearing denied February 5, 1907.   Transfer denied April 3, 1907.]

1. STATUTES.—Construction.—When Necessary.—Where the language of a statute is plain and free from ambiguity, and not contradictory of former enactments, there is no ground for construction.   p. 9.

2. SAME.—Construction.—Intention.—The purpose of statutory construction is to ascertain the legislative intent, and the giving effect thereto.   p. 9.

3. SAME.—Words and Phrases.—Ordinary Meaning.—The ordinary meaning will be given to words and phrases used in a statute, unless to do so would defeat the legislative intent as gathered from a consideration of the whole act.   p. 10.

4. SAME.—Construction.—Consideration of Prior Laws.—In construing the fee and salary law of 1895 (Acts 1895, p. 319) the court will examine prior laws on such subject to ascertain the object of the change.   p. 11.

5. SAME.—Fees and Salaries.—The purpose of the act of 1895 (Acts 1895, p. 319) was, as nearly as possible, to place officers on a salary basis, and eliminate the fee system.   p. 11.

6. SAME.—Fees and Salaries.—Words and Phrases.—"Compensation."—The word "compensation," as used in §6426 Burns 1901, Acts 1895, p. 319, §21, imports payment for official services, and is not synonymous with "salary."   p. 11.

7. STATUTES.—*Sheriffs.*—*Salaries.*—The fee and salary act of 1895 (Acts 1895, p. 319, §122, §6528 Burns 1901) authorizes the county sheriffs to receive not only the "salary" provided in said act, but also certain designated charges in addition, including fees for the service of foreign process, boarding prisoners and mileage in taking prisoners and others to State institutions. p. 12.

8. SAME.—*Fees and Salaries.*—*Sheriffs.*—Construing §6528 Burns 1901, Acts 1895, p. 319, §122, providing that certain public officers shall "tax and charge the fees provided by law on account of services performed by such officers," with §6444 Burns 1901, Acts 1895, p. 319, §39, giving the sheriff of Delaware county a certain sum as salary, and with §6426 Burns 1901, Acts 1895, p. 319, §21, providing that the act shall not be construed so as to give both salary and fees, the salary provided for the sheriff of Delaware county was intended to be the full compensation of such sheriff, "except as otherwise specified." p. 13.

9. SAME.—*Fees and Salaries.*—*Sheriffs.*—*Prisoners.*—*Admittance and Discharge.*—Under §8194 Burns 1901, §6118 R. S. 1881, requiring the county sheriff to "keep the jail," and §7945 Burns 1901, §5868 R. S. 1881, requiring the sheriff to "take care of the jail and the prisoners therein," it is a part of a sheriff's official duty to take care of the jail and the prisoners; and since there is no statute providing for a charge for admitting and discharging prisoners, and no statute requiring the county to pay therefor out of the treasury, no fee can be collected by the sheriff therefor. p. 13.

From Delaware Circuit Court; *Joseph G. Leffler,* Judge.

Action by Thomas Starr against the Board of Commissioners of the County of Delaware. From a judgment for defendant, plaintiff appeals. *Affirmed.*

*Thompson & Thompson, Smith, Duncan, Hornbrook & Smith* and *McConnell, Jenkines, Jenkines & Stuart,* for appellant.

*William F. White* and *Edward M. White,* for appellee.

MYERS, C. J.—Appellant, by his amended complaint in three paragraphs, seeks to recover from appellee compensation for receiving persons committed to, and for discharging prisoners from, the jail at Delaware county, Indiana. A demurrer was sustained to the first and second paragraphs, and overruled to the third. Thereafter appellant dismissed the third paragraph, and the court rendered judgment in favor of appellee.

The assignment of error based upon the ruling of the court in sustaining appellee's demurrer to the first and second paragraphs of appellant's complaint presents the question here for decision.

Without formally setting forth the several averments of each paragraph of the complaint, we are of the opinion that the facts averred in each of these paragraphs are sufficient to present what is conceded to be the only question in this case, namely, did the appellant, as sheriff of Delaware county, Indiana, have the right to demand and have allowed to him as his own, and not as a part of his fixed salary, twenty-five cents for every person committed to the jail of said county, of which he, as sheriff, had the control, care and custody from August 24, 1897, to September 4, 1901, and also twenty-five cents for every prisoner discharged therefrom?

The decision of this question involves an examination of the fee and salary act of 1895, relative to the intention of our lawmakers, as signified by this act, and especially §122, Acts 1895, p. 319, §6528 Burns 1901.

1. It has often been affirmed as a rule of law that where the language of a statute is plain and free from ambiguity, and not contradictory of former enactments, there is no ground for construction. *Stout* v. *Board, etc.* (1886), 107 Ind. 343, 347; *Cheney* v. *State, ex rel.* (1905), 165 Ind. 121, 125, and cases there cited; Black, Interp. of Laws, pp. 35-41. But when for any reason the legislative intent is not therein clearly expressed, it is the duty of the court

2. to take the language used, and, without the addition of words or phrases, ascertain such intent and carry it out. *Stout* v. *Board, etc., supra; Maley* v. *Clark* (1904), 33 Ind. App. 149. This is the whole purpose of statutory construction, and in aid thereof our courts recognize various methods for the settlement of this question. *Campbell* v. *City of Indianapolis* (1900), 155 Ind. 186, 209; *City of New Albany* v. *Stier* (1905), 34 Ind. App.

615; *Bishop* v. *State, ex rel.* (1898), 149 Ind. 223, 39 L. R. A. 278, 63 Am. St. 279. But it must be conceded that the constituent words and phrases of a statute are to be given their customary and popular meaning, unless to do so will defeat the legislative purpose or lead to absurd, inconsistent or unjust consequences, in which event the court will construe the statute and adopt the intention which seems to prevail upon a consideration of the whole act. *Haggerty* v. *Wagner* (1897), 148 Ind. 625, 39 L. R. A. 384; *Massey* v. *Dunlap* (1896), 146 Ind. 350, 358; *Seiler* v. *State, ex rel.* (1903), 160 Ind. 605, 617; *Stout* v. *Board, etc., supra; Ross* v. *State* (1894), 9 Ind. App. 35, 39; *Austin* v. *State* (1899), 22 Ind. App. 221.

Appellant's right to recover in this action is based upon the following statutory provision: "For every person committed to jail, to be paid by the county twenty-five cents. For discharging each prisoner from jail, to be paid by the county twenty-five cents." §6528, *supra.* Appellant urges the theory, in support of his contention, that the legislature intended by this provision to compensate the sheriff for services required of him, either in person or by deputy, in keeping the jail (§8194 Burns 1901, §6118 R. S. 1881)—a service not mentioned in §6528, *supra,* but exacted of him by a separate enactment; that the fee is one, not alone for the single act of receiving or discharging a prisoner, but in gross for various other services, such as making entries on the books of the jail, inspection of the person and clothing of the prisoner for sanitary purposes, and for weapons or means of escape concealed, necessary arrangements as to bed and bedding, condition of cell to which he is assigned, etc.; and that the provision in question is practically a re-enactment of a former one on the same subject, construed by this court in *Hawthorne* v. *Board, etc.* (1892), 5 Ind. App. 280, as providing compensation for the sheriff, as jail keeper, and that this construction should continue to prevail under the well-settled principle of law, "that when a

statute or a part of a statute has been construed by the courts of the State, and the same is substantially reënacted, the legislature adopts such construction, unless the contrary is clearly shown by the language of the act." *Board, etc.,* v. *Conner* (1900), 155 Ind. 484; *National Supply Co.* v. *Stranahan* (1904), 161 Ind. 602; *Desgain* v. *Wessner* (1903), 161 Ind. 205. It must be admitted that these arguments are not without persuasive force.

But, looking to the law in force at the time this act was passed, it will be observed that county officers were compensated for their services by what is known as "the fee system." The fact that the General Assembly in 1895 enacted, in effect, an entirely new law on this subject must be regarded by the courts as some notice of its dissatisfaction with the old law. Therefore we look to the old, as well as the new, law, to discover in what particular the old was unsatisfactory, and the remedies offered by the new.

From a careful examination of the latter act, we conclude that it was the purpose of the legislature by this act to put county officers practically on a salary basis, and, as near as possible, to do away with the fee system. Section 6426 Burns 1901, Acts 1895, p. 319, §21, as applied to sheriffs, provides, that they "shall be entitled to receive for their services, the compensation specified in this act, * * * subject to the conditions herein prescribed, and they shall receive no other compensation whatever." It will be observed that the legislature in this section uses the word "compensation" as applied to payment for official services. In §6444 Burns 1901, Acts 1895, p. 319, §39, the first item mentioned as going to make up the compensation for the sheriff of Delaware county is his annual salary of $3,000. If it could be said that the legislature used the words "compensation" and "salary" as synonymous, or as meaning one and the same thing, then there would be no room for

argument, as his stated salary would be his full recompense or compensation for any and all items of charges specified in §6528, *supra.* But it cannot be said that our lawmakers so used these words. For, by this latter section, it is provided that he shall receive as his own all fees derived from the "execution of all processes issued from any other county than that of his residence." By the same section in which fee charges are itemized (§6528, *supra*), he is allowed for boarding each person lawfully in his custody, a per diem compensation of forty cents for such services. *Seiler* v. *State, ex rel., supra.* It may also be said, that he should be allowed mileage, as his own, in the sum provided in this same section, being, in a large majority of cases, only railroad fare, as the legislature must have known, "for removing a person to the state prison," etc. Such allowances are justified upon the theory of an intention to reimburse such officer for his expenses, thus limited and specifically fixed, in the performance of the specific duty. To say that he shall pay out his own money in such particular cases, and when returned to him by the county it shall immediately become fees and belong to the county, to be designated as "sheriff's costs" (§6528, *supra*), and treated as a part of the "sheriff's fund" (§6530 Burns 1901, Acts 1895, p. 319, §124), to be used in the payment of his salary (§6444, *supra*), as provided by §6532 Burns 1901, Acts 1895, p. 319, §126, would be such a manifest absurdity as to repel a strict letter construction. Nor can such payments be regarded as fees under the definition and interpretation of the word "fee" adopted by the court in *Seiler* v. *State, ex rel., supra,* and *State, ex rel.,* v. *Flynn* (1903), 161 Ind. 554. We refer to these items because they are found in §6528, *supra,* and have suggested a possible reason for their allowance, for the purpose of illustrating the meaning intended by the legislature in the selection of the word "compensation."

As applicable to this case, the provision in §6528, *supra,*

"tax and charge the fees provided by law on account of
services performed by such officers," must be con-

8.    strued in connection with §6444, *supra*, and the
provision, "they shall receive no other compensation
whatever," found in §6426, *supra*, also with §6540 Burns
1901, Acts 1895, p. 319, §136, providing that "nothing
herein contained shall be construed in any event as to
allow any of the officers herein named the salaries herein
provided and also the fees required to be taxed except as
otherwise specified." Considering these various statutory
provisions together and keeping in mind the intention of
the legislature to do away with the "fee system," we can
but conclude that the word "services" should receive its
ordinary and customary meaning, as generally applied to
an employe, and that the salary thus fixed, "except as other-
wise specified," was intended to cover all services per-
formed by such officer, for which a fee is specified in
§6528, *supra*, using the word "fee" in the sense generally
attributed to it in the statute on this subject, prior to the
passage of the fee and salary law of 1895.

By statute it is made the duty of the board of commis-
sioners of every county in this State to cause a jail to be
erected, and furnished and kept in repair, and to

9.    "provide in the court-house or at the county seat"
a public office for the sheriff, at the expense of the
county. §§7833, 8191, 8193 Burns 1901, §§5748, 6115, 6117
R. S. 1881; §7833a Burns 1901, Acts 1899, p. 467. By §8194
Burns 1901, §6118 R. S. 1881, it is made the duty of the sher-
iff "by himself or deputy" to "keep the jail." This language
would seem to recognize the right of the sheriff to appoint a
deputy for this purpose, but there is no provision by the
county for compensating such deputy for such services.
From the consideration of this latter provision, in connection
with §7945 Burns 1901, §5868 R. S. 1881, relative to the gen-
eral duties of such officer, one of which is to "take care of
the jail and the prisoners therein," it would seem that to

"keep the jail," "take care of the jail and the prisoners therein," is one of the sheriff's official duties, assumed by virtue of his office, and requiring a service, for which, prior to the act of 1895, he was compensated in part by the fees allowed for receiving and discharging prisoners from jail. Such charges were then regarded as fees (*Hawthorne* v. *Board, etc., supra*), and the sheriff was entitled to the same by reason of the system then in vogue in this State for compensating such officers for their services, and upon that theory the allowance was made, but under the law, as it now stands, our attention has not been called to any statute, nor do we know of any expressly or impliedly authorizing any charge in favor of the sheriff by reason of his duty to "keep the jail." Without such a statute and a law making the county liable to pay for such services, there can be no recovery. *Board, etc.,* v. *Gresham* (1885), 101 Ind. 53, 56; *Board, etc.,* v. *Harman* (1885), 101 Ind. 551; *Board, etc.,* v. *Mitchell* (1892), 131 Ind. 370, 374, 15 L. R. A. 520.

Upon a careful consideration of the questions involved in this appeal, we are of the opinion that the demurrer to each paragraph of the complaint was properly sustained. Judgment affirmed.