## VOLLMER *v.* BOARD OF COMMISSIONERS OF THE COUNTY OF DUBOIS.

[No. 8,557.   Filed March 26, 1913.]

1.   STATUTES.—*Construction.—Legislative Intent.*—In construing a
     statute the legislative intent is to be ascertained from an exami-
     nation of the whole as well as the separate sections or parts of
     an act, and such intent, when so ascertained, will control the

strict letter of the statute, or the literal import of the words or terms, if adherence to such strict letter or literal import would lead to injustice, absurdity or contradictory provisions. p. 153.

2. STATUTES.—*Construction.*—*Meaning of Words.*—In the construction of a statute the language used will be accepted in its ordinary and popular meaning, unless so to do will defeat the legislative intent, in which event the words may be given a particular or technical meaning so as to effectuate such intent. p. 153.

3. EXTRADITION.—*Identification of Fugitive.*—*Statutes.*—*Justices of the Peace.*—The authority granted by §§1900-1903, 1905, 1907 Burns 1908, dealing with the procedure in the apprehension and identification of fugitives from justice from other states found in this State, and authorizing the necessary steps to be taken before any "court, judge or justice of the peace authorized to issue warrants in criminal cases," does not authorize the identification of the accused before a justice of the peace after he is in custody on the warrant of the governor of this State. p. 154.

4. EXTRADITION.—*Expenses of Officer.*—*Statutes.*—*"Judge."*—*"Justice of the Peace."*—Construing as a whole the statutory provisions relating to the apprehension and extradition of fugitives from justice (§§1892-1909 Burns 1908), it was not the legislative intent in the act of March 5, 1909 (Acts 1909 p. 165), amendatory of §42 of the act of March 10, 1905 (Acts 1905 p. 584, §1909 Burns 1908), to include justices of the peace as "judges" before whom the proceedings provided by said section are authorized for the apprehension of fugitives from justice who are beyond the State, so that where such proceedings were had before a justice of the peace, his certification of the expenses incurred in apprehending and returning the fugitive did not create any demand against the county. pp. 154, 155.

5. EXTRADITION.—*Right to Send Fugitive Out of State.*—A fugitive from another state may not lawfully be sent out of this State until identified by a court designated in the statute. p. 155.

6. WORDS AND PHRASES.—*"Judge".*—*"Justice of the Peace".*—The term "justice of the peace" has a definite meaning to designate one who presides over a particular court of inferior jurisdiction, and "judge" ordinarily is used to designate the person who holds a judicial office authorizing him to transact the business of a court whose jurisdiction is superior to that of a justice of the peace. p. 155.

7. COUNTIES.—*Claims Against County.*—*Validity.*—*Duty of Claimant.*—One who presents a claim against a county must point out a statute authorizing its payment and show that he has fully complied with its provisions. p. 156.

From Dubois Circuit Court; *John L. Bretz*, Judge.

Action by Ferdinand Vollmer against the Board of Commissioners of the County of Dubois. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Bomar Traylor,* for appellant.

*Richard M. Milburn,* for appellee.

FELT, P. J.—This action is based on a claim of appellant, against Dubois County, Indiana, for expenses incurred as agent of this State in the return of a person charged with crime from the state of California to said county. On Sept. 14, 1909, an affidavit was filed before Frank L. Betz, a justice of the peace, in Dubois County, Indiana, charging one Alois Beiter with the crime of wife desertion. A warrant was duly issued by said justice of the peace for the arrest of the defendant. Joseph Kraft, Sr., marshal of the town of Jasper, Indiana, made application to the Governor of Indiana, for requisition papers to bring the defendant from the state of California, which application was approved by Horace M. Kean, deputy prosecuting attorney. Requisition papers were thereupon duly issued by Thomas R. Marshall, Governor of Indiana, on September 15, 1909, commissioning the appellant, who was then the duly elected, qualified and acting sheriff of said Dubois County, as agent of this State to apprehend and return said Beiter to the State of Indiana.

Appellant duly performed this duty and thereafter filed his claim for mileage and the same was presented to the Board of Commissioners of Dubois County in accordance with the act of March 5, 1909 (Acts 1909 p. 165), amending §42 of the act of March 10, 1905 (Acts 1905 p. 584, §1909 Burns 1908). The claim in the sum of $250.91 was disallowed by said board and an appeal was duly taken to the Dubois Circuit Court where a demurrer to said claim, by appellee, on the ground that the same does not state facts sufficient to constitute a valid claim against said county, was sustained. Appellant refused to plead further, judgment was rendered against him for costs and this appeal was

taken. The only error assigned is that the court erred in sustaining the demurrer.

The claim was certified by the justice of the peace before whom the affidavit was filed and was held insufficient on the ground that the statute does not authorize payment except ''upon certificate of the judge before whom said indictment or affidavit is on file,'' and that a justice of the peace is not a judge within the meaning of the statute authorizing such payment of expenses. Amended §42, *supra,* after providing for the issuance of the requisition for the person to be apprehended, states that ''the judge before whom the said indictment or affidavit is filed, shall issue a warrant for the arrest of said criminal,'' and also specifies the compensation of the agent charged with the duty of apprehending and returning the fugitive to this State, and then provides that: ''The said agent shall be reimbursed for all money legally expended to obtain possession of said criminal upon presentation of receipts covering the same together with a sworn statement by him that such items of expenditure are true and correct. Such sum shall be paid out of the county treasury of the county in which the said crime was committed upon certificate of the judge before whom said indictment or affidavit is on file, stating that the said criminal has been brought before him and arraigned and on the verified statement of said agent certified to by the said judge, filed with the auditor of the said county who shall draw his warrant therefor. And the county council shall make such appropriation as shall be necessary to carry out the provisions of this act.'' The act of 1905, *supra,* being §§1892-1909 Burns 1908, covers the subject of fugitives from other states found in this State and those who have fled from this State, and amended §42 of the act supersedes or takes the place of §1909, *supra,* of the statute.

In construing any statute, the legislative intent must be kept constantly in view and if the language is plain and unambiguous, the legislative intent as expressed by the

language must prevail. Such intention, however, is to be ascertained from an examination of the whole as well as the separate sections or parts of an act; and when so ascertained, the intention thus expressed will control the strict letter of the statute, or the literal import of words or terms where to adhere to such strict letter or literal import would lead to injustice, absurdity or contradictory provisions. *Greenbush Cemetery Assn.* v. *Van Natta* (1912), 49 Ind. App. 192, 94 N. E. 899-902; *Hyland* v. *Rochelle* (1913), 179 Ind. 671, 100 N. E. 842.

The language of a statute will be accepted in its ordinary and popular meaning unless so to do will manifestly result in the defeat of the legislative intent. Where such result would follow, words may be given a particular or technical meaning indicated by the act to be the sense in which they were employed, if by such interpretation the legislative intent may be carried into effect. *Massey* v. *Dunlap* (1896), 146 Ind. 350, 358, 44 N. E. 641; *Starr* v. *Board, etc.* (1907), 40 Ind. App. 7, 9, 76 N. E. 1025, 79 N. E. 390; *Hyland* v. *Rochelle, supra.*

Section 1892 Burns 1908, Acts 1905 p. 584, §25, deals with fugitives within the State and provides how they may be apprehended and taken back to the county where the offense was committed by proceedings before justices of the peace. Sections 1893-1908 Burns 1908, Acts 1905 p. 584, §§26-41, deal with fugitives from other states found in this State. Sections 1893, 1894, *supra,* provide for the identification of the fugitive when in custody on a warrant issued by the governor of this State, by bringing him "before the circuit, superior or criminal court or judge of this State nearest or most convenient." Section 1895, *supra,* authorizes the commitment of the prisoner when no agent of the State making the demand is present and provides that "Such court or judge shall forthwith inform the governor of this state of the fact of such commitment." Sections 1898, 1899, *supra,* refer to "the court or judge" with reference to "such

examination" of the alleged fugitive after he is in custody on a warrant from the governor of this State. Sections 1900-1903, 1905, 1907, *supra,* all deal with some phase of the proceeding in the apprehension and identification of fugitives from justice from other states or territories found in this State, and authorize the necessary steps to be taken before any "court, judge or justice of the peace authorized to issue warrants in criminal cases." But the authority granted by these sections does not authorize the identification of the accused after he is in custody on the warrant of the governor of this State, except as provided in §1894, *supra.* Section 37 of the act being §1903, *supra,* provides for notice to the governor of this State after such fugitive is in custody, and §1904, *supra,* provides that "it shall be the duty of the governor to issue his warrant, as provided in section twenty-six of this act, and like proceedings shall be had as if such fugitive had been originally demanded by the governor of the state or territory where such offense is alleged to have been committed, as provided in this act." Section 1905, *supra,* provides that the person holding the governor's warrant "may at all times take him into custody, and take him before the proper court or officer for examination, as provided in section twenty-six, and such arrest shall be a discharge of the recognizance if there was one given." Section 1909, *supra,* §42 of the act of 1905, makes no reference to courts, judges or justices of the peace. In view of the foregoing provisions of the act, we can not presume that the legislature in amending §42 intended to include justices of the peace.

The statute clearly limits the authority of justices of the peace to the steps provided in the apprehension of a fugitive in this State up to the time he is taken into custody on the warrant of the governor of this State, and then he cannot be taken to another jurisdiction until he has been brought before "the circuit, superior or criminal court or judge of this State." The amended section is not

ambiguous when read in the light of the other sections of the law on the same general subject. A fugitive from another state may not lawfully be sent out of this State until brought before a court, designated in the statute, for identification. The act draws a clear line of distinction between the preliminary steps to apprehend a fugitive from another state, found in this State, and to place him in custody on the warrant of the governor, and the further steps necessary to authorize his transportation out of the State. On the other hand, the act when considered in all its parts, is equally clear that the legislature in providing the steps to be taken to bring to this State a fugitive who had escaped to another state or territory, used the word ''judge'' advisedly and intended it should be given its usual and popular meaning. The word might be so used as to include justices of the peace, but such is not its plain and usual meaning. In fact the title, justice of the peace, is recognized by our Constitution and has a definite meaning to designate the person who presides over a particular court of inferior jurisdiction. The title ''judge'' in this State is ordinarily employed to designate the person who holds a judicial office authorizing him to transact the business of a court whose jurisdiction is superior to that of a justice of the peace. There can be no presumption that the legislature intended the word so employed in the amended section to include the inferior judicial office of justice of the peace, and we could not in any case so hold unless there was something to clearly indicate an intention that the word judge was intended to include such officer. Here the language employed and the subject-matter considered both indicate that it was not intended that the word judge should be given a meaning other than that it usually imports. It is our conclusion that the proceeding before the justice of the peace to apprehend the alleged fugitive for whose return the expense was incurred, is unauthorized by the statute, and that his certifica-

tion of the expenses was likewise unauthorized, and there-
fore did not create any demand against the county for its
payment. It is a well-recognized principle of law
7. supported by numerous decisions of our courts that
a person who presents a claim against a county must
point out a statute authorizing its payment and show that
he has fully complied with its provisions.

The apparent hardship of this case must not be allowed
to make bad law. The statute has not been followed and the
court did not err in sustaining the demurrer.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 321. See, also, under (1) 36 Cyc.
1108, 1111, 1128; (2) 36 Cyc. 1114; (3, 5) 19 Cyc. 100; (4) 23 Cyc.
504; 21 Cyc. 308; (6) 23 Cyc. 504; 24 Cyc. 402; (7) 11 Cyc. 430, 595.
As to intent of lawmakers, also ordinary meaning of words used,
as essential considerations in construing a statute, see 12 Am. St.
827. As to proceedings for extradition of persons charged with
crime, see 57 Am. Dec. 389; 112 Am. St. 103.