## FRY v. SEELY ET AL.

[No. 8,260.  Filed April 1, 1914.]

1.  MUNICIPAL CORPORATIONS.—*Powers of Common Council.—Ordi-
nances and Resolutions.—Statutes.*—The provision of §52 of the
Cities and Towns Act (Acts 1905 p. 219, §8654 Burns 1908) that
all ordinances, orders and resolutions must be signed by the
mayor or passed over his veto by a two-thirds vote of the mem-
bers-elect of the common council, as well as that of subd. 9, §80,
of the same act (§9682 Burns 1908) making it the duty of the
mayor to approve or disapprove every ordinance or resolution of

the common council, refers only to ordinances, orders, resolutions and motions for the government of the city, for the control of its property and finances, and for the appropriation of money, which the common council, by the first part of said §52 is authorized to pass. p. 674.

2. MUNICIPAL CORPORATIONS.—*Public Improvements.*—*Adoption of Resolutions.*—*Approval by Mayor.*—*Statutes.*—Under §107 of the Cities and Towns Act (Acts 1907 p. 412), providing that resolutions for street improvements shall be adopted by the board of public works, it is not contemplated that an improvement resolution shall be approved by the signature of the mayor in order to become operative, but exclusive jurisdiction in such matter, except in the event of remonstrance, is vested in the board of public works; and since §265 of said act (§8959 Burns 1908) provides that in cities of the fifth class the duties of the board of public works shall be performed by the common council, an improvement resolution adopted by such common council occupies the same legal status as a similar resolution by a board of public works, and hence need not be signed by the mayor to be operative. p. 674.

From Hancock Circuit Court; *Robert L. Mason,* Judge.

Action by Marshall A. Fry against Mary E. Seely and others. From a judgment for defendants, the plaintiff appeals. *Reversed.*

*Tindall & Tindall,* for appellant.

*Will A. Yarling, Cook & Cook* and *A. E. Lisher,* for appellees.

LAIRY, C. J.—Appellant brought this action in the Hancock Circuit Court to enforce assessments against certain lots located in the city of Greenfield, Indiana, for the improvement of a street of such city. The proceeding for the street improvement in question was begun and carried forward to completion under the act of 1905 (Acts 1905 p. 219) and the amendment thereto passed in 1909 (Acts 1909 p. 412) relating to improvement of streets by cities. Appellant was the contractor and filed the complaint as such. The issues were formed by a general denial to the complaint and by a special answer and a reply thereto in general denial. The court made and filed a special finding of facts and pronounced its

conclusions of law thereon in favor of the appellees and rendered judgment accordingly. The errors assigned are that the court erred in overruling appellant's demurrer to the affirmative answer and erred in its conclusions of law. The two errors assigned present the same question in different forms.

It appears from the special answer and also from the special finding of facts that on August 4, 1909, the common council of the city of Greenfield passed a resolution for the improvement upon which the assessment sought to be collected is based. It also appears that such resolution was never at any time approved or vetoed by the mayor of Greenfield, and that the common council of that city did not at any time pass such resolution over the veto of the mayor by a vote of two-thirds of the members elect of that body or that it did not repass such ordinance by such two-thirds vote on account of the failure of the mayor to approve it.

The legislature of 1905 passed a general act concerning municipal corporations, Acts 1905 p. 219. Section 52 of this act provides: "The common council of every city shall have power to pass all ordinances, orders, resolutions and motions for the government of such city, for the control of its property and finances and for the appropriation of money. * * * No ordinance, order or resolution of the council shall become a law, or operative until it has been signed by the presiding officer thereof, and approved in writing by the mayor, or passed over his veto, as hereinafter provided, and, whenever necessary, promulgated according to law. * * * Every ordinance, order or resolution of the common council shall, immediately upon its passage, enrollment, attestation and signature by the clerk and presiding officer, be presented by the city clerk to the mayor, and a record of the time of such presentation made by the clerk. If the mayor approve such ordinance, order or resolution, he shall enter his approval thereon and sign the same, and the ordinance, order or resolution shall become a law. If he do not approve the

ordinance, order or resolution he shall return it to the clerk,
with his objections in writing, within ten days after receiv-
ing it and the clerk shall present the same to the common
council at its next meeting.  If the mayor fail to discharge
his duty by approving or disapproving such ordinance, order
or resolution within the time named, such failure shall be
deemed a disapproval; and in all cases of disapproval by the
mayor such ordinance, order or resolution shall not become
a law, unless at its next regular or special meeting after the
time named for the mayor's action, the council shall again
pass the same by a two-thirds vote of all the members-elect."
§8654 Burns 1908, Acts 1905 p. 219, §52.  Section 80 of the
same act contains the following provision in reference to the
duties of mayors:  "It shall be the duty of the mayor:
*  *  *  To approve or disapprove, in writing, within ten
days after receiving the same, every ordinance or resolution
of the common council; and he shall transmit to such council
within such time a message, announcing such approval or
veto.  In case of a veto he shall state in writing his reason
therefor, and such resolution or ordinance shall not become
operative unless the same is passed over such veto, by a two-
thirds vote of the common council."  §8682 Burns 1908,
Acts 1905 p. 219, §80.  Upon these sections of the act, appel-
lees base their contention that, by reason of the failure of
the mayor to approve the resolution for the street improve-
ment, such resolution never became operative and that the
common council never obtained jurisdiction to make the im-
provement; that the whole proceeding was void and that no
valid assessment against property could be made thereunder.
This is the only question presented or argued, and the deci-
sion of this case depends entirely upon the construction
which is to be given to these sections of the act when con-
strued in connection with other sections of the same act relat-
ing to the improvement of public streets.

In the first first place it will be noticed that §52 (§8654

Burns 1908, *supra*) empowers the common council to pass
ordinances, orders, resolutions and motions for the
1.    government of the city, for the control of its property
and finances and for the appropriation of money. The
court is of the opinion that the subsequent provision of this
section which requires that all ordinances, orders and reso-
lutions must be signed by the mayor or passed over his veto
by a two-thirds vote of the members-elect of the common
council, refers only to ordinances, orders, resolutions and
motions for the government of the city, for the control of its
property and finances and for the appropriation of money.
Subdivision 9 of §80 (§8682 Burns 1908, *supra*), by which
it is made the duty of the mayor to approve or disapprove
every ordinance or resolution of the common council within
ten days after receiving the same, must be held to refer also
to such ordinances and resolutions as §52 of the act em-
powers the common council to pass.

The conclusion we have reached is strengthened by a con-
sideration of other sections of the act relating to the im-
provement of streets. Section 107 of the act (Acts
2.    1909 p. 412) provides that resolutions for street im-
provements shall be adopted by the board of public
works. This section makes no provision for any ordinance
or resolution by the common council authorizing such an
improvement, except in cases where a majority of the resi-
dent freeholders on such street shall have remonstrated
against the improvement within the time specified, in which
case the improvement cannot be made unless specifically or-
dered by an ordinance passed within sixty days thereafter
by a two-thirds vote of the common council and approved
by the mayor. It would scarcely be contended that the act
contemplates that the improvement resolution passed by the
board of public works, requires the approval or the signa-
ture of the mayor in order that it may become operative.
It is apparent that in cities where such boards are provided,
they were intended to have complete jurisdiction over pro-

ceedings for improvements of this character, to the exclusion of the mayor and common council, except where remonstrances are filed, in which case the improvement may be ordered by an ordinance passed by a two-thirds vote of the common council and approved by the mayor. The act provides for a board of public works in all cities of the first, second, third and fourth class, and in §265 (§8959 Burns 1908, Acts 1905 p. 219), it is provided that in cities of the fifth class the duties of the board of works, in reference to street, sewer and other public improvements shall be performed by the common council of such city, and that the provisions of the act relating to such improvements in cities of the first, second, third and fourth class shall apply to cities of the fifth class.

When a city of the fifth class undertakes any street, sewer or other public improvement, the common council in respect to such improvement occupies the position and discharges the duties and functions of a board of public works. A resolution for a street improvement adopted by the common council of a city of this class occupies the same legal status and is governed by the same law as a similar resolution adopted by the board of works of a city of one of the higher classes. Such a resolution does not require the signature of the mayor to make it operative. The conclusions of law stated by the trial court are erroneous and the judgment is reversed.

As no good purpose could be subserved by a retrial of this case, the trial court is directed to restate its conclusions of law in accordance with this opinion and to render judgment accordingly.

NOTE.—Reported in 104 N. E. 774. See, also, under (1) 28 Cyc. 356; (2) 28 Cyc. 997.