WINDLE ET AL. *v.* CITY OF VALPARAISO ET AL.

[No. 9,002. Filed June 7, 1916.]

1. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Force of.*—An ordinance passed by the common council of a municipality is regarded and treated as a species of legislation as much as an act passed by the legislature itself. p. 349.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Control and Regulation.*— Municipal corporations have the exclusive right to control and regulate the use of streets in cities. p. 350.

3. MUNICIPAL CORPORATIONS.—*Ordinances.*—*Streets and Alleys.*— *Judicial Control.*—An ordinance regulating a street is a legislative act, entirely beyond the control of the judicial power of the state,

so long as the exercise of the legislative sovereignty is within the objects and trusts for which the power is conferred.   p. 350.

4.   MUNICIPAL CORPORATIONS.—*Statutory Powers.*—*Incidental Powers.*—Municipal corporations possess only such powers as are conferred upon them by legislative enactment, with such other incidental implied powers as are essential to the accomplishment of the purpose for which they were created.   p. 350.

5.   MUNICIPAL CORPORATIONS.—*Streets and Alleys.—Vacation.—Power.*—Section 8700 Burns 1914, Acts 1905 p. 282 and §8959 Burns 1914, Acts 1913 p. 12, vest in the common council of a municipal corporation the express power to vacate streets and alleys, and the adoption of the resolution in accordance with the statute, after proper notice and hearing as to those affected, is conclusive on all persons.   p. 350.

6.   MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.—Resolution.—Conclusiveness.—Direct Attack.*—While the statutes (§8700 Burns 1914, Acts 1905 p. 282 and §8959 Burns 1914, Acts 1913 p. 12) concerning the vacation of streets and alleys provide that the adoption, by the common council, of the resolution of vacation, after proper notice and hearing as to those affected, shall be final and conclusive as to all persons, yet such resolution is not final and conclusive as against direct attack, by those aggrieved, in an action to set aside the vacation proceedings, and where injunctive relief is sought it is merely an ancillary remedy.   p. 351.

7.   MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.—Public or Private Purpose.—Judicial Review.*—In the absence of fraud, there can be no judicial review of an ordinance or resolution vacating an alley, if such action is of public utility; but, if the vacation is for a private purpose, then it is a proper subject for judicial investigation.   p. 351.

8.   MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.—Receipt of Benefit Assessment by City.—Effect of.—Evidence.*—The fact that a municipality, in a proceeding to vacate an alley, receives a sum of money, paid as a benefit assessment by a vacation petitioner who desired to use the land vacated, is of little weight in determining whether the common council was moved to adopt the vacation resolution by financial considerations, for the acceptance of such money is not an irregularity, since the statutes (§8700 Burns 1914, Acts 1905 pp. 282-286) provide that where benefits accrue to any property owner by reason of the vacation of a street or alley benefits shall be assessed to the property so benefitted.   p. 352.

9.   MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.—Exercise of Authority of Council.—Motives.*—The vacation of an alley being within the scope of the authority of the common council, and coming within its express grant of power, the court can not make inquiry as to the motives of the council in adopting a vacation resolution.   p. 352.

10. MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.*— *Exceeding of Powers by Council.*—*Evidence.*—Where the vacation of an alley is of public utility and is found to be such by the common council, then the benefit that flowed to a vacation petitioner by reason of restoring to him the real estate relieved of the public easement therein, in event he paid the benefits assessed, and the purpose for which he intended using the ground vacated are not pertinent where the question to be determined is whether the council exceeded its powers in adopting the vacation resolution. p. 353.

11. MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.*— *Judicial Inquiry.*—*Matters Outside Record.*—Where the vacation of a street or alley is within the jurisdiction of a municipality, the court can make no inquiry as to matters outside the record unless the proceedings are infected with fraud. p. 354.

12. EVIDENCE.—*Action of Council.*—*Presumptions.*—The common council of a municipality is presumed to have acted in good faith and according to law in the performance of its duty in a proceedings to vacate a street or alley. p. 354.

13. FRAUD.—*Constructive Fraud.*—*Necessity of Intention.*—Fraud may exist, as a matter of law, without any intention to commit a wrong and is known as constructive fraud, and it may consist of any breach of duty, which, if not relieved against, would operate as a fraud. p. 355.

14. FRAUD.—*Actionable Fraud.*—*Necessity of Injury.*—A grievance based upon fraud, whether actual or constructive, to be actionable must work an injury in some manner to the complaining party. p. 355.

15. MUNICIPAL CORPORATIONS.—*Vacation of Streets and Alleys.*— *Validity.*—Where a petition of property owners, filed with the common council, asking that an alley be vacated discloses that one of the petitioners desired to have the alley vacated so that he might build a department store thereon and asserted that the employment therein of a large number of people would benefit the city, and the council, after complying with the statutes in reference to such proceedings, adopted a vacation resolution and made an assessment of benefits in the amount of $1,900 against the property of such petitioner, there is nothing to warrant the conclusion that the alley was vacated for a private purpose, nor that the common council acted beyond its scope of duty and exceeded its discretionary power, nor that its acts amounted to constructive fraud. p. 355.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by William G. Windle and others against

the City of Valparaiso and another. From a judgment for defendants, the plaintiffs appeal. *Affirmed.*

*Daniel E. Kelly* and *John H. Gillett,* for appellants.

*E. D. Crumpacker, Wm. C. Daly, Grant Crumpacker, O. L. Crumpacker* and *E. J. Freund,* for appellee.

MORAN, J.—Appellants on their own behalf, and for all other taxpayers of the city of Valparaiso other than appellee Lowenstine, brought suit against the city and appellee Lowenstine to have a proceeding vacating a portion of a certain alley of the city declared null and void, and to enjoin appellee Lowenstine from using the vacated portion of the alley other than for a public purpose. A review of the action of the trial court in refusing the relief sought, is based upon exceptions reserved to conclusions of law rendered by the court upon facts specially found. Appellees have assigned cross-errors, but the conclusion reached on the merits of the appeal makes it unnecessary to consider the same.

From the facts found by the court, block 22 in the city of Valparaiso, which is a city of the fifth class, is within the principal business district of the city. An alley 16½ feet wide extends from east to west through the center of the block, and a similar alley from north to south, the alleys intersecting in the center of the block, thus subdividing the block into four equal divisions. On June 13, 1913, appellee Jacob Lowenstine and six other citizens of Valparaiso petitioned for the vacation of 132 feet off the west end of the alley running east and west through the block. Omitting the formal parts, the petition reads:

> "The undersigned, residents and freeholders of the city of Valparaiso, Indiana, petition the common council of said city for the vacation of

an alley, in said city, running east from Franklin street through the west half of block 22 original survey of the town (now city) of Valparaiso, to the west line of the alley running north and south through said block 22, for the following reasons:

1. The portion of said alley asked to be vacated is not a public utility, and it would promote the public interests, and save the city from responsibilities and the expense of maintaining the alley sought to be vacated.

2. That said alley is seldom used by any one excepting by J. Lowenstine & Sons, and the said J. Lowenstine one of the petitioners hereto, is the owner of lands on both sides of the alley proposed to be vacated, and if said alley shall be vacated he contemplates the enlargement of the department store of J. Lowenstine & Sons to such an extent as will make necessary the employment of twenty or twenty-five additional clerks and assistants and tend to attract more people to the city of Valparaiso for trading purposes.

3. That most of the modern cities of the size of Valparaiso have but one alley running through the block; and that the north and south alley, through said block 22, and the alley from the east side of said north and south alley to Michigan street will answer every convenience of all the property owners in said block.

4. While the question of the vacation of said alley must be determined upon the issue of whether or not it is of general importance, it may be well for the petitioners to suggest to the common council that said J. Lowenstine is and always has been a public spirited man, and has built a large mercantile establishment in said city, and established a steel factory therein, which is now employing twenty-five men at an annual aggregate salary of fifteen thousand dollars, not including the salaries paid to the officers of the concern. For the above reasons the petitioners respectfully ask that the portion of the alley above described be vacated."

A plat of blocks 22, which we here append, furnishes an intelligent understanding of the relation which the portion of the alley in controversy bears to the surroundings.

North.

16.

PLAT OF
BLOCK 22
Original Survey
Valparaiso Indiana
1" = 60'

South.

Block 22 is 280½ feet square; the streets adjoining the block are all improved with modern street paving material, and the alleys, including the portion under consideration, are paved with vitrified brick and have been for several years. The petition praying for the vacation of that portion of the alley under consideration was, over the objection of the remainder of the owners of real estate in block 22, referred by the common council to the street committee consisting of three of its own members, for investigation. On July 11, 1913, the committee reported to the common council that from the investigation it had made, the public interests of the city would be advanced by the vacation thereof; that the city would be relieved from the responsibility of maintaining the same; that the city had little or no interest in keeping the alley open, and further that the committee was advised that appellee Lowenstine, who owned the abutting property and the fee to the portion of the alley sought to be vacated, would erect a large department store in the event the petition was acted upon favorably; that he would be benefited in the sum of $1,900, and that he should be assessed to this amount in the event the council finally granted the prayer of the petition; that the owners of the remaining real estate in the block would not in any way be injured by the vacation of only that part of the alley upon which appellee Lowenstine's property abutted; that the remaining alleys furnished ample means of egress and ingress to the property owners of the block. After the necessary notices were given and a hearing had as to the parties opposing the vacation proceedings, the city council passed an ordinance vacating the portion of the alley recommended to be vacated by the street committee.

Interspersing the findings, which are volumious,

are evidentiary facts to the effect that promises were made by appellee Lowenstine that he would build a large department store, in the event the council acted favorably upon the petition, and that the promises, in part at least, moved the council to pass the resolution vacating that part of the alley upon which Lowenstine's property abutted. The legal proposition for solution, when reduced to its simplest form, is: To what extent, if at all, are the proceedings of the common council of the city of Valparaiso in reference to the action it took in vacating the alley under consideration subject to judicial review in a suit in equity? The force and value of an ordinance passed by a municipality from the standpoint of its legal significance has been the subject of much investigation, as is disclosed by the adjudicated cases and text-book writers upon municipal law. While there is some confusion in the authorities upon this question, in the main, an ordinance passed by a common council of a municipality is regarded

1. and treated as a species of legislation as much as an act passed by the legislature of the state itself, though the body that passed it is subordinate in its character and a creature of the legislature. *Crichfield* v. *Bermudez, etc., Co.* (1898), 174 Ill. 466, 51 N. E. 552, 42 L. R. A. 347; *Schmidt* v. *City of Indianapolis* (1907), 168 Ind. 631, 80 N. E. 632, 14 L. R. A. (N.S.), 787, 120 Am. St. 385; 28 Cyc 290; *Indiana R. Co.* v. *Calvert* (1906), 168 Ind. 321, 80 N. E. 961, 10 L. R. A. (N. S.), 780, 11 Ann Cas. 635; *Pittsburgh, etc., R. Co.* v. *Hartford City* (1908), 170 Ind. 674, 82 N. E. 787, 85 N. E. 362, 20 L. R. A. (N. S.) 461.

In *Paulsen* v. *Portland* (1892), 149 U. S. 30, 13 Sup. Ct. 750, 37 L. Ed. 637, the court said: "The city is a miniature State, the council is its legislature, the charter is its constitution; and it is enough if, in

that, the power is granted in general terms, for when granted, it must necessarily be exercised subject to all limitations imposed by constitutional provisions." It is well settled in this State that municipal corporations have "the exclusive right to control and regulate the use of streets in cities. In this respect, it is endowed with legislative sovereignty. The exercise of that sovereignty has no limit so long as it is within the objects and trusts for which the power is conferred. An ordinance regulating a street is a legislative act, entirely beyond the control of the judicial power of the State." *Milhau* v. *Sharp* (1854), 17 Barb. 435; *Indiana R. Co.* v. *Calvert, supra; Pittsburgh, etc., R. Co.* v. *Hartford City, supra; Paulsen* v. *Portland, supra.* In this connection, however, it can further be said that municipal corporations possess only such powers as are conferred upon them by the legislature, with such incidental powers as are implied and essential to the accomplishment of the purpose for which they were created. The grant of express power conferred upon municipal corporations in this state provides that streets and alleys may be vacated by the common council, after notice and hearing as to those affected, and after the final step has been taken by resolution in accordance with the statute it is declared to be conclusive on all persons. §8700 Burns 1914, Acts 1905 p. 282; §8959 Burns 1914, Acts 1913 p. 12.

The subject-matter here under consideration was plainly within the authority expressly granted to the common council of the city of Valparaiso, hence we need not further pursue the question of the power of the council to act in the premises. This leaves for consideration the manner in which it exercised the power thus conferred. As we have seen, the

general subject-matter relating to the vacation of streets and alleys is regarded as legislative in its character.   However, as to the actual hearing of those affected by such vacation, as provided by statute, the same is quasi-judicial and, in a case such as here under consideration, where there is no question of jurisdiction, must be ordinarily regarded as final. *Alsmeier* v. *Adams* (1914), 62 Ind. App. 219, 105 N. E. 1033.  For if this function of government is to be exercised, the power must necessarily be lodged somewhere; and it being lodged in the common council, and the council having determined the question that the alley should be vacated, this determination carried with it the finding that it was for the public good, and in the absence of fraud is binding on all persons affected, which is in accordance with the general theory of our practice before tribunals whose duty it becomes to pass upon such question.   As we have seen, the statute (§8700, *supra*) under consideration recognizes this

6.   principle, as it provides that, after the necessary steps have been taken and a hearing had, the action of the common council shall be final and conclusive; but it need only be said in passing that the ordinance or resolution vacating the alley is not final and conclusive as against a direct attack.  The attack in this case is direct, as it specifically challenges the ordinance or resolution asking that it be annulled and set aside; the injunctive relief prayed is but an incident to the main relief sought.

The common council could by ordinance vacate the alley in question in the event that to do so would be a work of public utility.   If the vacation

7.   was for a private purpose, then the act of vacating is a proper subject for judicial investigation.   *Field* v. *Barling* (1894), 149 Ill. 556, 37 N. E. 850, 24 L. R. A. 406, 41 Am. St. 311;

*Smith* v. *McDowell* (1893), 148 Ill. 51, 35 N. E. 141, 22 L. R. A. 393; *Reimer's Appeal* (1882), 100 Pa. 182, 45 Am. Rep. 373; *St. Vincent, etc., Co.* v. *Troy* (1879), 76 N. Y. 108, 32 Am. Rep. 286; *Dubach* v. *Hannibal, etc., Co.* (1886), 89 Mo. 483, 1 S. W. 86.

Appellant takes the position that the facts disclose that the alley was vacated for a private purpose; that the council was moved to act in the premises by reason of a promise made by appellee Lowenstine that he would, in the event the alley was vacated, erect a large department store upon the ground occupied by the alley and the adjoining lots, and for the further consideration of the payment of the sum of $1,900 to the city by appellee Lowenstine as benefits that would enure to him by reason thereof.

8. The latter contention that the city's reaping of a benefit, in the way of a money consideration to be paid by appellee Lowenstine, was instrumental in moving the council to act is of itself of but little weight. It is not an irregularity in the proceedings, as the statute provides that where benefits accrue to any property owner by reason of the vacation of a street or alley benefits shall be assessed to the property so benefited. §§8700-8709 Burns 1914, Acts 1905 pp. 282-286. The sections of the statute thus referred to relate to powers conferred upon the boards of public works in cities of the first, second, third and fourth classes but, under §8959, *supra*, are made applicable to cities of the fifth class. *Fry* v. *Seely* (1913), 55 Ind. App. 670, 104 N. E. 774.

9. The subject-matter in controversy being within the scope of the authority of the common council, and coming within its express grant of power, the court cannot initiate an inquiry into the motive of the legislative department of the city of Valparaiso in this behalf. *Coverdale* v.

*Edwards* (1900), 155 Ind. 374, 58 N. E. 495; *Lilly* v. *City of Indianapolis* (1897), 149 Ind. 648, 49 N. E. 887; *City of Indianapolis* v. *Maag* (1914), 57 Ind. App. 493, 107 N. E. 529; *Richland School Tp.* v. *Overmyer* (1904), 164 Ind. 382, 73 N. E. 811.

This court held in the *City of Indianapolis* v. *Maag, supra,* that: "The motives which prompted the action of the board of public works" in vacating the street could not be made the subject of judicial investigation. But the end to be attained by such proceedings and the effect thereof may always be inquired into by the courts upon proper application." In *Richland School Tp.* v. *Overmyer, supra,* in a proceeding to condemn land for school purposes, it was said: "The fact, if it be true, that the township trustee would be directly or indirectly benefited in his private business, beyond the general benefits resulting to the public from the appropriation, or that he was, to an extent, influenced by bias or prejudice for or against appellee in instituting his proceedings, was not a proper matter to go before the jury, or in any sense pertinent to the real issue for trial." So in the case at bar, if the vacation of the alley in question was a work of public utility and was found to be such by the common council, then the benefit that flowed to appellee Lowenstine by reason of restoring to him the real estate relieved of the easement the public had therein, in the event he paid the benefits assessed, is not pertinent to the real issue, nor is the purpose for which he was to utilize the ground after being vacated relevant.

In the *City of Gary* v. *Much* (1913), 180 Ind. 26, 101 N. E. 4, cited by appellants, the city vacated a certain street, which was upon the boundary line of the corporation, and shut out the ingress and egress

of an abutting property owner. The abutting property owner was granted injunctive relief, but the case turned upon the proposition that the city was without jurisdiction to vacate the street, the center of which was the boundary line of the corporation, part of the thoroughfare being under the control of the board of commissioners. That case throws no light upon the question here presented, for in the case at bar the question of want of power or jurisdiction is not involved, but only the question whether the council exceeded its power. Much of the matter embodied in the special finding of facts was brought to the court by evidence extraneous to the record of the vacation proceedings, and as to whether a court of equity can go beyond the face of the record and institute an inquiry into the proceedings, when there is no question presented as to the jurisdiction of the common council to act, the authorities lack much of being in harmony; but out of the vast number of adjudicated cases may be adduced a rule, which seems to be in consonance with the better reasoning, and that is, that where in the absence of fraud the municipality had jurisdiction to act there can be no judicial inquiry by the court, but where the proceedings are infected with fraud the inquiry may proceed beyond the face of the record itself. There is no contention that the common council acted corruptly or intentionally committed a wrong. Further the action taken by the common council has in its favor the presumption that it acted in good faith in the performance of its duty and according to law. *Robling* v. *Board, etc.* (1895), 141 Ind. 522, 40 N. E. 1079; *Town of Cicero* v. *Lake Erie, etc., Co.* (1912), 52 Ind. App. 298, 97 N. E. 389.

Fraud, however, may exist without any in-

tention to "do a wrong," as the law itself may, under certain conditions, declare a thing 13. to be fraudulent without a real intention to commit fraud having been found. This is known as constructive fraud, or fraud in law, and may consist of any breach of duty, which, if not relieved against, would operate as a fraud. *Alsmeier* v. *Adams, supra;* 16 Cyc 87.

A radical departure in the transaction of public business by a public officer from the 14. usual and lawful method of transacting the same, or a palpable disregard of an official duty, might operate as a fraud in law, although there was no intention to do a wrong. But a grievance based upon fraud, whether actual or constructive, to be actionable must work an injury in some manner to the complaining party, as this is an essential ingredient to the cause of action. Smith, Law of Frauds 3; 16 Cyc 88.

Do the facts found force the conclusion that the vacation of the alley under the circumstances amounted to a constructive fraud? The closing up of a public way in the heart of the city and turning the same back to the owner of the fee, freed from the public easement, called for due and careful consideration on the part of the common council of the city of Valparaiso, and in this behalf they have supporting their action the presumption of good faith. It is true that the petition filed 15. with the common council and heretofore set out discloses that the appellee Lowenstine was personally interested in having the alley vacated, and that the information that he intended to build a large department store, in the event the alley was vacated, was before the common council when they acted upon the petition; but when the special finding of facts is stripped of the evidentiary

facts thrust into the same, there is not enough to warrant the conclusion that the alley was vacated for a private purpose, nor that the common council acted beyond its scope of duty and exceeded its discretionary power, nor that its acts amounted to constructive fraud. *In Rensselaer* v. *Leopold* (1886), 106 Ind. 29, 5 N. E. 761, the court held: "It is said, however, that narrowing the street, whereby a strip five and a half feet in width off one side is abandoned to the adjoining property-owners, is not a public use; that this is nothing more than an indirect method of transferring part of the public street to private use. While it is true, courts can not be precluded from an inquiry into the character of the use for which property is proposed to be condemned, yet the presumption is in favor of the public character of a use which is declared to be public by the legislature. Unless it is apparent at first blush that the proposed use is not public, courts cannot interfere with the discretion confined to a municipal body, in doing that which the statute expressly authorizes."

If appellants suffered any special injury it must be inferred from the facts found, as there is no positive finding in this respect. As to whether appellants whose properties do not abut upon that part of the alley vacated had such an interest as taxpayers to maintain the suit, which appellees earnestly contend they did not have, we need not decide, as the conclusion reached on the other branch of the case does not call for a decision of this question. After a careful consideration of the various questions presented by the learned and exhaustive briefs, we find no error that calls for a reversal of the judgment. Judgment affirmed.

NOTE.—Reported in 113 N. E. 429. Power of city council to vacate streets, 26 L. R. A. 823; 2 Ann. Cas. 87. See under (9) (10), (11) 28 Cyc. 840, 849.