Honorable Alan K. WILSON, Mayor of the City of Muncie, Indiana, et al., Appellants (Defendants Below),

v.

Theodore BROWN and Helen L. Brown, Appellees (Plaintiffs Below),

v.

DELAWARE–MUNCIE METROPOLITAN PLAN COMMISSION, Appellee (Defendant Below).

No. 2–783A249.

Court of Appeals of Indiana, Third District.

April 19, 1984.

Joseph M. Speece, Corp. Counsel, City of Muncie, Muncie, for appellants.

Ronald E. McShurley, Dunnuck, Wyrick & McShurley, Muncie, for appellees Theodore and Helen Brown.

John M. Feick, Cross, Marshall, Schuck, DeWeese & Cross, P.C., Muncie, for appellee Delaware-Muncie Metropolitan Plan Com'n.

HOFFMAN, Judge.

The case at bar involves a dispute regarding a zoning ordinance for the City of Muncie. The Common Council of the City of Muncie (Council) enacted a Comprehensive Zoning Ordinance changing the zoning classification of certain property from C–2, Neighborhood Commercial District, to the more restrictive BC, Community Business Zone, classification. This zoning classification affected property owned by Theodore and Helen Brown.

At the regular meeting of the Delaware-Muncie Metropolitan Plan Commission (Commission) the members cast a unani-mous vote to recommend changing the zoning classification of the Browns' property from BC to BV, Variety Business Zone. This latter classification more closely resembles the original C–2 zoning classification applicable to the Browns' property. Following a public hearing on the matter, it was voted to recommend the Council amend its Comprehensive Zoning Ordinance to classify the Browns' property as BV.

At the regularly scheduled meeting of the Council on September 14, 1981, the Commission presented its recommendation. The matter was voted on and approved at the following meeting of the Council. The Comprehensive Zoning Ordinance, as amended, was presented to the Mayor of Muncie. The Mayor vetoed the ordinance and the Council was unable to obtain the necessary two thirds vote to override the veto.

Consequently the Browns filed an action for declaratory judgment against the Mayor and the Council. In this action the Browns sought to have the trial court declare the Comprehensive Zoning Ordinance, as amended, valid regardless of the Mayor's veto. A stipulation of facts was entered into by the parties as a basis for the trial court's decision. Both parties presented motions for summary judgment. The trial court granted summary judgment for the Browns declaring the Comprehensive Zoning Ordinance valid and in effect. This appeal results.

The issue presented for review was stated very precisely by the trial court:

"Whether the general authority to veto afforded by the State Legislature to the Mayor of a City pursuant to I.C. 36–4–6–16, is applicable to amending zoning ordinances passed by a City Council pursuant to the provisions of I.C. 36–7–4, 100 through 600 series."

The record presents a detailed account of the analytical process implemented by the trial court in reaching its decision. Without repeating the entire memorandum included in the trial court's entry of judg-

ment, suffice it to say the trial court concluded that zoning regulation is an exclusively legislative function not subject to the general veto powers of the executive branch of municipal government. This thorny issue is one of first impression in this state and requires close scrutiny of the applicable statutory provisions.[1]

██ It is true, the regulation of zoning is a legislative function, *enactment* of which is *exclusively* within the powers of the legislative branch of municipal government.

> *Stokes v. City of Mishawaka,* (1982) Ind. App., 441 N.E.2d 24;
>
> *Wildwood Park Community Ass'n v. Fort Wayne,* (1979) Ind.App., 396 N.E.2d 678.

However, this is true in the case of most ordinances. The legislature is empowered to legislate, *i.e., enact* ordinances. By the same token the executive branch of government is empowered to execute these ordinances. Inherent in this power of execution is the power to refuse to execute an ordinance by exercise of a veto, thereby forcing the legislative branch to establish that the ordinance is truly worthy and supported by the people by requiring them to override that veto.

The trial court reached the conclusion that a zoning ordinance is one of those rare exceptions to the general rule and not subject to the veto powers of the executive of a municipality. While the trial court performed a detailed analysis of the issue, this Court concludes the law and specifically the statutes of this state do not support the trial court's decision.

The requirements for adoption of an ordinance, *i.e.,* execution, are set out in IND. CODE § 36-4-6-14, which states:

> "Sec. 14. (a) An ordinance, order, or resolution passed by the legislative body is considered adopted when it is:

> (1) signed by the presiding officer; and

> (2) either approved by the city executive or passed over his veto by the legislative body, under section 16 of this chapter."

The executive of the municipality is provided the power to veto ordinances passed by the Legislature pursuant to IND.CODE § 36-4-6-16, which provides:

> "Ordinance, order or resolution; power of city executive to approve or veto
> Sec. 16. (a) Within ten (10) days after an ordinance, order, or resolution is presented to him, the city executive shall:

> (1) approve the ordinance, order, or resolution, by entering his approval on it, signing it, and sending the legislative body a message announcing his approval; or

> (2) veto the ordinance, order, or resolution, by returning it to the legislative body with a message announcing his veto and stating his reasons for the veto."

It is important to note that a key term used in both these provisions and throughout the statutes applicable to zoning matters is the word "ordinance."

██ The trial court felt that zoning ordinances differed from other ordinances. Such a conclusion is contrary to the rules of statutory construction. Terms contained in a statute will be construed consistently and technical terms such as "ordinance" shall be given their technical meaning.

> *State ex rel. Gary v. Lake Sup. Ct.,* (1947) 225 Ind. 478, 76 N.E.2d 254 (overruled on other grounds);
>
> *Vollmer v. Board, etc.,* (1913) 53 Ind. App. 149, 101 N.E. 321.

In short an ordinance is an ordinance whether it concerns zoning or some other matter.

---

**1.** Appellants' cite *Fry v. Seely,* (1914) 55 Ind.App. 670, 104 N.E. 774, for the proposition this Court has constrained the municipal executive's power to veto a city common council. *Fry* held only that a mayor may not veto the common council of a fifth-class city when it undertakes works of public improvement as the council is acting as the board of public works and as such does not require the executive's signature to have effect.

Further support for this position may be arrived at by analogy. IND.CODE § 36–3–4–14 empowers the mayor of a consolidated city to veto ordinances passed by the legislative body of that municipality. This statute specifically excludes certain ordinances removing them from the scope of the executive's veto power. Absent from this list of exceptions are zoning ordinances. Thus, it appears the Legislature of this state felt zoning ordinances should be subject to the veto power of the mayor of a consolidated city. Likewise, the absence of any list of exceptions to the veto power of mayors of second and third-class cities indicates the power was intended to be broad and applicable to all ordinances including those dealing with zoning.

Finally, the Court addresses the specific language found in the statute dealing with approval and adoption of zoning laws. IND.CODE § 36–7–4–509 in relevant part states:

"Sec. 509. (a) ADVISORY. One hundred twenty (120) days after certification of the comprehensive plan and ordinance to the legislative body, the comprehensive plan and ordinance have the same effect as all other ordinances unless the legislative body has within that time finally acted on it.

(b) AREA. The comprehensive plan is not official for a municipality or county until it has been approved by a resolution of its legislative body. *After approval by the legislative body, it is official for each unit that adopts it.*" (Emphasis added.)

The use of the term "adopts" is of importance since IND.CODE § 36–4–6–14 speaks of "adoption" of ordinances and specifically requires that they be signed by the executive or passed by the Legislature over the executive's veto. Thus, a thorough review of the many statutes applicable, both to the powers of the Common Council and executive, and the adoption of zoning laws, consistently indicate the executive's veto power is applicable to zoning ordinances.

For the reasons stated above the Court has determined the trial court erred in granting summary judgment for the Browns. Municipal executives are empowered to veto zoning ordinances. Mayor Wilson did so in this case and the Common Council failed to override that veto. Thus, the zoning classification applicable to the Browns' property is returned to C–2 as it was before the Common Council enacted the Comprehensive Zoning Ordinance that was vetoed as amended. The decision of the trial court is reversed.

Reversed.

STATON, P.J., and GARRARD, J., concur.