JOSEPHINE M. SMITH v. CITY OF ST. PAUL and Others.

June 7, 1898.

Nos. 11,159—(143).

**Defective Plat—Dedication of Street.**

The rule applied that the streets on a defective plat may be dedicated to the public by conveyances made of lots according to the plat.

**Same—Description—Location by Extrinsic Evidence.**

*Held,* the plat was not so defective in description that it could not, with competent extrinsic evidence, be located on the ground.

**Legal Title by Estoppel—Pleading.**

*Held,* a legal title by estoppel is not a mere equity which must be specially pleaded.

**Taxes—Public Street—Void Judgment.**

*Held,* under G. S. 1894, § 1582, a tax judgment for taxes attempted to be assessed on a part of a public street is void for want of jurisdiction.

**Same—Taxpayers.**

*Held,* it sufficiently appears that the intervenors are taxpayers.

**Trial—Change of Theory—Surprise—Order for Judgment.**

The case was tried on one theory, and judgment ordered for plaintiff. *Held,* on the conceded facts, the court was warranted in holding that plaintiff was not taken by surprise when, on a different theory, the court changed its order for judgment, and ordered that plaintiff take nothing by the action.

**Vacation of Street—Special Injury—Estoppel by Judgment—Damages for Condemnation—Right of Taxpayer to Prevent Payment.**

*Held,* the intervenor S. is specially injured by the attempt made, through an action in ejectment against the city, to vacate 30 feet in width of the street in front of the lot adjoining hers. S. is therefore not estopped by the judgment against the city in that action, and may, as a general taxpayer, prevent the taking of money out of the city

treasury to pay damages awarded for the 30 feet in condemnation proceedings instituted after such judgment.

**No Error in Denying New Trial—Events since First Trial.**
   *Held,* the court did not, because of certain facts occurring since the trial, err in denying a new trial.

Appeal by plaintiff from an order of the district court for Ramsey county, Otis, J., denying a motion for a new trial. Affirmed.

*Howard L. Smith,* for appellant.

*Harvey Officer* and *Walter L. Chapin,* for respondents.

CANTY, J.

This is the third appeal in this action. See 65 Minn. 295, 68 N. W. 32, and 69 Minn. 276, 72 N. W. 104, 210. It will be seen, by reference to the opinion on the last of the former appeals, that we affirmed the order denying the intervenors a new trial, "but without prejudice, and with leave to appellants to apply to the court below to modify its conclusions of law and order for judgment in accordance with this opinion, or grant a new trial, if, in its discretion, it should see fit to do either."

On the filing of the remittitur in the court below, plaintiff moved for judgment, the intervenors moved that the court modify its conclusions of law and order for judgment "so as to determine that plaintiff is not entitled to any relief in this action, and that judgment be ordered accordingly," and the intervenor Sache moved for leave to amend the prayer of her complaint in intervention "so that it shall ask judgment that the plaintiff, Smith, have no relief and take nothing against the defendant in said action." The court denied plaintiff's motion, and granted the motions of the intervenors. Thereupon plaintiff moved for a new trial, on the grounds (1) of errors in law occurring on the trial, and (2) that the decision is not justified by the evidence, and appeals from an order denying the motion.

1. The plat of West St. Paul proper, mentioned in the last opinion, was never properly executed, acknowledged, or certified to so as to constitute it a legal plat, which would dedicate the streets marked upon it to the public; but those streets were suffi-

ciently dedicated by the owners of the land conveying the same in lots and blocks according to the plat.

2. Neither was this plat so wanting in description that it could not, with the aid of competent extrinsic evidence, be located on the ground. Streets are indicated upon it which it appears by the evidence were, when the deeds were executed, traveled and known by the names given them upon the plat.

3. Neither is there anything in appellant's claim that, by the deed to Sache and the deed to the trust company, each grantee acquired only a title by estoppel to the 30-foot strip in the street in front of such grantee's lot or lots. But conceding that the title so acquired is a title by estoppel, as appellant contends, it does not follow that it is only an equitable title or mere equity, which must be specially pleaded.

4. Appellant offered in evidence on the trial certain tax-title certificates, under which she claims title to parts of the 30-foot strip in question. It is sufficient answer to this claim to say that it appeared on the trial that the 30-foot strip was, at the time the taxes in question were assessed, a part of a public street. The street was exempt from taxation, and therefore the tax judgment and proceedings thereunder were void. G. S. 1894, § 1582.

5. Appellant contends that it does not sufficiently appear that the intervenors are taxpayers, and therefore they have not shown that they are entitled to the relief which the court below granted them. It appears that at the time this action was commenced, and for several years prior thereto, they were the owners of the lots aforesaid. The court finds that they were such owners at the time of the trial, and it is presumed, until the contrary appears, that they still continue to be such owners. Then it sufficiently appears that they are taxpayers.

6. Appellant contends that the court below erred in permitting the intervenors, after the case had been submitted and decided, to change the theory on which they had proceeded on the trial, and in disposing of the case on an issue which plaintiff had no opportunity to meet or combat on the trial. In answer to this, it is only necessary to say that all of the facts in the case support the new order for judgment, and all of these facts which are material

were admitted by plaintiff on the trial, and she suggests no new facts which she could prove on another trial which would, by way of confession and avoidance, take any of the force out of her admissions. She claims now that there is evidence in the record tending to prove that the 30-foot strip in question is not in the street as laid out and traveled, but is at one side of the same.

It appears by the settled case that, on the trial, plaintiff repeatedly and expressly admitted that the 30-foot strip is in the street. On the former appeal, plaintiff conceded that the lots of the intervenors abutted on this 30-foot strip which was a part of the street. Plaintiff contended that the intervenors were not estopped by the Hansen judgment, but that the city was; that, therefore, as to the intervenors, the strip is still a part of the street; that, as to them, the strip was a part of the street before the condemnation proceedings, and is yet a part of the street; that, therefore, the city took nothing from the intervenors by the condemnation proceedings; and it follows that the intervenors are not entitled to any part of the award. We agreed with plaintiff in all of these propositions, but we drew from these very same facts one more conclusion, to which plaintiff objects. In our opinion, the court below did not abuse its discretion in changing the order for judgment.

7. The 30-foot strip in question abuts also on lot 6, adjoining Sache's lot on the south. Neither of the intervenors claims any interest in lot 6, and appellant contends that therefore she is entitled at least to the damages for the part of the 30-foot strip in front of this lot. We are of the opinion that Sache would be specially and peculiarly injured by vacating one-half the street abutting on the lot next to hers; that she would thereby suffer an injury peculiar to herself (besides what she would suffer in common with the general public), sufficient to entitle her to maintain an action in her own name in regard to the matter. Then she is not estopped by the Hansen judgment as to this part of the 30-foot strip, and, if she is not so estopped, she has as much right as a general taxpayer to prevent the taking of funds out of the city treasury to pay for this part of the strip, as any other part of it.

8. On the motion of the intervenors to amend the conclusions of law and order for judgment, appellant read counter affidavits

showing that, since the trial of this action, the greater portion of the special assessments levied to pay the damages awarded in the condemnation of said 30-foot strip have been collected, and that tax judgments have been entered for nearly all of the balance of these assessments; that such a tax judgment has been entered against the lots of the trust company, but not against the lots of Sache, she having succeeded in defending against the application for judgment. It is also shown that in a former action brought by the trust company against the city and this plaintiff, in which the same relief was sought as has been granted to the trust company herein, judgment was entered on the merits against the trust company. The motion for a new trial is not made on the ground of newly-discovered evidence, or on the ground of facts occurring since the former trial. But conceding that all of these facts are here material, and conceding that if a new trial was granted, and these matters were set up by plaintiff in a supplemental pleading, they would enable plaintiff on another trial to prevail as against the trust company, still plaintiff could not by reason of these matters prevail as against Sache, and the result would be the same, except that the plaintiff might recover her costs against the trust company. For these reasons, if for no other reason, the court was justified in granting the motion to amend its conclusion of law and order for judgment.

This disposes of the case, and the order appealed from is affirmed.