## CITY OF INDIANAPOLIS v. MAAG.

[No. 8,476. Filed January 6, 1915.]

1. PLEADING.—*Complaint.*—*Admissions by Demurrer.*—For the purpose of testing the sufficiency of a complaint, a demurrer admits as true all the facts charged that are well pleaded. p. 496.

2. MUNICIPAL CORPORATIONS.—*Streets.*—*Power to Vacate.*—All municipalities of the State have the power to vacate streets and alleys and it is exclusively their province to determine when the power is to be executed, but such authority is within the constitutional limitation that its exercise must be for some public use. p. 496.

3. MUNICIPAL CORPORATIONS.—*Vacation of Streets.*—*Review by Courts.*—The motives which may prompt a city to exercise its power to vacate a street is not subject to judicial inquiry, but the court, upon proper application, may inquire into the end sought to be attained and the effect thereof. p. 497.

4. MUNICIPAL CORPORATIONS.—*Vacation of Streets.*—*Injunction.*—Although it may not be apparent from proceedings to vacate a portion of a street, which are regular in form, that the final effect will be the sale of the street to private individuals rather than the accomplishment of a public use, where such an effect is charged by one seeking relief, a court of equity will look to the actual result and effect of what is about to be done, and will enjoin the proceeding if it appears that the city is acting beyond its power. p. 497.

5. INJUNCTION.—*Vacation of Streets.*—*Complaint.*—*Averment of Interest.*—Where an individual seeks injunctive relief against the proposed vacation of a street, the complaint must show that he has some peculiar interest in the matter, and that he will suffer some peculiar damage different from that which will be sustained by the general public. p. 497.

6. INJUNCTION.—*Vacation of Streets.*—*Complaint.*—*Sufficiency.*—*Averment of Interest.*—A complaint by an individual to enjoin the vacation of a public street did not sufficiently show injury in plaintiff different in kind from that of the general public, where it merely appeared from the averments as to damages, that his injury possibly would be greater in degree than that of the community at large; nor was the pleading aided by the averment that plaintiff purchased his property partly because of the location of the streets as they then existed. p. 498.

7. MUNICIPAL CORPORATIONS.—*Unauthorized Acts of Officers.*—*Injunction.*—Where there has been a clear invasion of the common rights of the citizens of a municipality by some unauthorized act

of its officers, an injunction will be granted at the suit of the proper official on behalf of the public.    p. 499.

From Superior Court of Marion County (85,403) ; *Joseph Collier,* Judge.

Action by Henry Maag against the City of Indianapolis and others. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*Joseph B. Kealing, Merle N. A. Walker* and *Newton J. McGuire,* for appellant.

*Vincent G. Clifford* and *Adolph G. Emhardt,* for appellee.

IBACH, J.—On the ⸺ day of May, 1911, certain owners of property abutting on Union Street in the city of Indianapolis filed their petition with the board of public works asking that the parts of such street on which their property abutted be vacated. The portion of the street sought to be vacated was described as that part extending from Regent Street to the first east and west alley north of said Regent Street. It also appears that such alley was the northern terminus of Union Street. Such proceedings were at once taken by the board that it was about to vacate the street and approve the assessment of benefits and damages which had been awarded when this suit was brought by appellee to enjoin the city and its board of public works from going forward with such proceeding.

The principal averments of the complaint show that Union Street from the north line of Regent Street to the south line of the first alley north of Regent Street had been regularly and properly dedicated to the public as a street and had been accepted and approved as such by the defendant city of Indianapolis; that certain defendants constituted the board of public works of the city, and that defendant Antrobus is the owner of all the ground abutting upon that portion of Union Street proposed to be vacated on the west side thereof, and defendant Glickert is in like manner the owner of the property abutting on the east side of the por-

tion of the street proposed to be vacated; that the members of the board of public works proposed to vacate the portion of Union Street above described and exclude the public therefrom and grant the exclusive use thereof to the defendants Glickert and Antrobus in consideration of a donation to the city of $150 each which they agreed to give the city. According to such agreement and for the purpose of effectuating it, the said board of public works adopted a declaratory resolution and conducted all the subsequent proceedings agreeable to §8700 Burns 1914, Acts 1905 p. 219, §97. Such proceedings, however, were not in good faith, but were "with the intent and purpose to surrender public property and destroy public right and use of the same for the sole purpose of enabling their codefendants Antrobus and Glickert to have the ownership, dominion and control of the same to the exclusion of the public; that no public use whatever is intended to be made of the portion of such street proposed to be vacated, but the whole proceeding is mere jugglery in the form of vacation proceedings to sell a public street; that he purchased his property in Regent Street and on Union Street (but not abutting that part of Union Street proposed to be vacated), after all the streets and alleys in the entire subdivision had been dedicated for public use; that by reason of the location and character of said Union Street, this plaintiff was induced to and did purchase said lots and was induced upon consideration of the said Union Street as then laid out and platted to pay a higher price for said lots than he would have paid had said Union Street not been so laid out and dedicated and accepted as a public street; that if the vacation proceedings be finally completed, he will be irreparably injured and damaged and that his property will be damaged by said illegal and unlawful action."

The demurrer filed to the complaint on account of want of facts was overruled, and the issues were then joined by answer in general denial. There was a trial and a finding

against the city and a decree and judgment permanently enjoining it from closing the street. This judgment is now sought to be reversed, because of the alleged error in overruling the demurrer to the complaint and in overruling the motion for a new trial. For the purposes of testing 1. the sufficiency of the complaint, the demurrer admits as true all of the facts therein charged which are well pleaded. It is nowhere averred that the law under which the board was proceeding was invalid or that the form of the proceedings was in any manner irregular. The theory seems to be that, although the proceedings were in regular form for the vacation of streets, yet the board was not proceeding in good faith and that their proceeding if permitted to be carried out would result in selling a public street to two private individuals for their sole use and benefit and to the exclusion of the general public and that by reason of the peculiar location of the appellee's property he would suffer peculiar damages other than those which would be sustained by the general public.

It seems to us that three important questions are presented by this appeal: (1) Is the question of what is a public use one for judicial investigation, or is it one which in such cases as this is committed to the discretion exclusively of the board of public works and not subject to review by the courts? (2) If the ultimate end to be attained by such proceedings and the result and effect of the determination of the board on the question of what is a public use may be reviewed by the courts, then Is injunction the proper proceeding? (3) Is appellee, who does not own property abutting on that portion of the street about to be closed, but owns property near by and in the same subdivision, a proper party to bring the suit?

All municipalities in this State have the power conferred upon them by the legislature to vacate streets and 2. alleys and it is exclusively within their power to declare when that power is to be executed, but this

City of Indianapolis *v.* Maag—57 Ind. App. 493.

grant of authority must be within the constitutional limitation that their acts with respect to these matters must be for some public use. The motives which prompted the action of the board of public works in this case can not be judicially investigated. Whether their motives in connection with this proceeding were honest, courts can not inquire. But the end to be attained by such proceedings and the effect thereof may always be inquired into by the courts upon proper application. The question in effect becomes one of power in the municipality to perform a particular act which it claims it has been given authority to do by the legislature. As in this case it is averred in substance that the final outcome of the proceedings on the part of the board of public works would be a sale of a public street to private individuals and to deny to the public any use of such street although it had been regularly dedicated for such public use, such a result might not in all instances be apparent from the proceedings themselves, but when such a charge is made with reference thereto, a court of equity will look to the actual result and effect of what was about to be done by the municipality and will enjoin it, if the acts sought to be enjoined are without the power of such municipality. Our courts have conclusively determined that injunction in such cases is the proper proceeding, the last expression on the question being found in the case of the *City of Gary* v. *Much* (1913), 180 Ind. 26, 101 N. E. 4.

However, when an individual brings the action on his own account, the complaint must show that he has some peculiar interest in the matter, and that he will suffer some peculiar damage different from that sustained by the general public. This is a general rule. Our courts, however, have held that a taxpayer of the municipality might by injunction restrain the doing of some illegal act, the effect of which would be to increase the burden

of taxation and place upon its citizens an unlawful tax, or to prevent the unlawful disposition of property in which the municipality had a proprietary right, but this case does not come within this rule. The facts of this case bring it within the former rule that before plaintiff, a private individual, can enjoin the closing of a highway he must aver and prove some special injury to himself not common to the public. It is quite obvious that a person whose property abuts on the street proposed to be vacated might readily show some special or peculiar damages by reason of such vacation, and we think it is possible that a person owning property which does not abut on such street might be able to show some special damages, but the averments of this complaint show that appellee's property is about midway in the next block south of the vacated street, and his other property is situated on another street about one-half block west. The complaint also shows that a portion of the street proposed to be vacated does not extend through the block north of appellee's property, but simply to the alley midway within that block. There are no averments which even tend to show that he would not have the same free access to his property which he now has, even with the street vacated, or the same free access to any portion of the city from his property, or that his light and air would be affected in any way. The annexed plat shows the situation of the property better than it can be described.

The effect of all his averments as to damages is that he would be unable to reach the alley in the block north of his property with the same ease as theretofore. This result would come to every citizen of Indianapolis in the same way. It is possible that the injury to appellee would be greater in degree than to the community at large, but this does not take his case out of the general rule. This proposition is so fully discussed by the Supreme Court in the cases of *Dantzer* v. *Indianapolis Union R. Co.* (1894), 141 Ind. 604, 39 N. E. 223, 50 Am. St. 343,

City of Indianapolis v. Maag—57 Ind. App. 493.

34 L. R. A. 769; and *O'Brien* v. *Central Iron, etc., Co.* (1902), 158 Ind. 218, 63 N. E. 302, 92 Am. St. 305, 57 L. R. A. 508, and the reasoning in those cases is so clear that we do not feel called upon to pursue it further. And the fact that appellee avers the purchase of his lots partly because of the location of the streets in the subdivision as they then were, and that others may be affected similarly by the vacation of the street, does not change his situation. *Martin* v. *Marks* (1900), 154 Ind. 549, 560, 57 N. E. 249.

PLAT.
Showing proposed Vacation of a part of Union St.

We therefore conclude that the averments of the complaint, viewed in the most favorable light to appellee, fail to show that the obstruction of the street would result in injury to his property different in kind from that suffered by the general public. But where there has been a clear invasion of the common rights of the citizens of the municipality by some unauthorized act of the officers thereof, an injunction will be granted at the suit of the

proper official on behalf of the public to prevent the accomplishment of any such unlawful act.

We are of the opinion that the court erred in overruling appellant's demurrer to appellee's complaint.   Judgment reversed.

NOTE.—Reported in 107 N. E. 529.  As to vacation of streets, its effects and the remedies of persons prejudiced, see 46 Am. St. 493. As to power to vacate streets, see 2 Ann. Cas. 87.   See, also, under (1) 31 Cyc. 333;  (2, 3) 28 Cyc. 840;  (4) 22 Cyc. 888;  (5, 6) 22 Cyc. 927;  (7) 22 Cyc. 888;  28 Cyc. 281.