PURCELL v. WOODWARD, TRUSTEE, ET AL.

[No. 11,095. Filed April 21, 1921.]

1. SCHOOLS AND SCHOOL DISTRICTS.—School Officers.—Authority.—Contracts for Housing Grade Schools in High School Building.—Under §6622a Burns 1914, Acts 1911 p. 463, providing for the erection by towns and townships of joint schoolhouses for joint graded schools, or joint high schools, or both, and §6623c Burns' Supp. 1918, Acts 1915 p. 29, authorizing the school officials of towns and townships to enter into contracts to provide high school accommodations for a part or all of their respective townships or town corporations, etc., the school officers are given wide discretionary powers with reference to joint arrangements for the accommodation of the pupils of their respective municipalities, and are authorized, in the exercise of their discretion, to contract for the housing and instruction of grade school pupils in a joint high school building to be constructed. p. 384.

2. SCHOOLS AND SCHOOL DISTRICTS.—Joint High School Building.—Board of Control.—Powers.—The authority of the board of control of a joint high school to direct the use of the building is exclusive, and will not be interfered with by the courts. p. 385.

3. SCHOOLS AND SCHOOL DISTRICTS.—Use of Joint High School for Graded School.—Injunction.—Right of Taxpayer to Relief.—A taxpayer and father of a pupil in a joint high school, the exclusive control and management of which is vested in a board of control free from interference by the courts, cannot maintain an action for an injunction prohibiting the use of a room in the high school building for a graded school, where it does not appear that he is seeking to protect a private right

or the prevention of a private wrong different from that sustained by the general public, since a private person who has suffered no special wrong cannot maintain an action for the invasion of a public right. p. 386.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Action by John E. M. Purcell against Tarleton C. Woodward, trustee of Haddon School Township, and another. From a judgment for defendants, the plaintiff appeals. *Affirmed.*

*Arthur D. Cutler,* for appellant.
*William R. Nesbit,* for appellees.

NICHOLS, J.—Action by appellant against appellees to enjoin appellee Woodward from equipping or using any part of the Carlisle and Haddon township high school building for the teaching of grade pupils from the township, and appellee Whitlock from acting as such teacher.

The complaint, in substance, avers that: Appellant was at the time of the commencement of this action, and had been for five years theretofore, a resident citizen, voter, freeholder and taxpayer of the town of Carlisle, in Sullivan county, Indiana, and had been for one year theretofore a patron of the Carlisle and Haddon Township Joint High School located in the said town of Carlisle, and provided for and embraced in the Carlisle and Haddon Township Joint High School district, and had for one year theretofore a child attending said high school as a pupil therein. Said joint high school district was established under a contract duly entered into May 15, 1913, between the proper officials of Haddon school township, in Sullivan county, and the school town of Carlisle, in said Haddon township, under and pursuant to the provisions of chapter 193 of the Acts of 1911, entitled: "An Act to provide buildings, equip-

ment and support of joint high schools for cities, towns, township or townships or any part thereof in which they are located or which lies contiguous thereto, providing manner of support thereof and declaring an emergency." · Pursuant to said contract and said law a joint high school building was erected in said town of Carlisle, and was completed in the year 1914, and ever since the completion thereof said building had been used for high school purposes, and had been conducted as a commissioned high school for the education of all pupils of Haddon township and of town of Carlisle who were sufficiently advanced to attend said high school, and who wished to attend same. The management of said joint high school district, and of said joint high school was vested in a board of control·consisting of the trustee of Haddon school township and the president of the board of school trustees of the school town of Carlisle, and in case of a tie vote on the question of management or control thereof the county superintendent of Sullivan county should cast the deciding vote. Appellee, Woodward, as trustee of Haddon school township was claiming and intending to exercise the right to use part of said joint high school building as a place in which to install school children from said Haddon township who were not in high school, but who were yet in the various grades of the common schools, and to place a teacher in charge, and to conduct a country school in said joint high school building during the school year 1918-1919, and would, unless restrained by the court, immediately put in seats and other school equipment, and transport into Carlisle from out in Haddon township school children of various grades from the first grade up to and including the eighth grade, install a teacher in said part of said joint high school building to teach the pupils of various grades, and otherwise attempt to conduct in said joint high school building a country district school in

which all grades of the common school were assembled in one room under one teacher. Such school trustee had employed appellee, Walter Whitlock, to teach said school in said joint high school building, and he would unless restrained teach said district school so transported to Carlisle and installed in said joint high school building. Appellees had not received permission from said board of control of said joint high school district to use said joint high school building for said purpose and appellees had not secured permission so to do from the board of school trustees of the school town of Carlisle, nor from any one else in authority, and any such permission if granted would be unlawful and void; and the installing and conducting of such country school in said joint high school building was unlawful and illegal, and in violation of the rights of appellant and of the other patrons of said joint high school, and of the high school pupils who attended said high school; and was contrary to the wishes of said board of school trustees of the town of Carlisle, and in defiance of the express notice of said board to said Woodward, as such school trustee, that the conducting of a country school in said joint high school building would not be permitted or tolerated. If said country school was allowed to be established and conducted in said joint high school building it would cause great confusion in the management and carrying on of the high school work therein, and would jeopardize the efficiency of said high school work, and greatly damage said joint high school, and appellant as a patron of said high school, and all of the other patrons thereof, and would especially and seriously damage and injure the high school pupils who were entitled to receive their education in said joint high school building.

There was a prayer for a restraining order and for perpetual injunction against such use of the room in such high school building.

Appellees, filed a separate and several demurrer to the complaint which was sustained, and appellant refused to plead further, and judgment was rendered on the demurrer and the court's ruling thereon, from which this appeal is prosecuted. The only error assigned is the court's ruling on the demurrer.

Section 6622a Burns 1914, Acts 1911 p. 463, expressly provides for the erection by towns and townships of joint school houses for joint graded schools, or joint high schools, or both, or such modification thereof as may be practicable. Chapter 13, Acts 1915 p. 29, §6623c Burns' Supp. 1918, authorizes the school officials of towns and townships to enter into contracts to provide high school accommodations for a part or all of their respective townships or town corporations, by the purchase of grounds, erection of buildings, or by making repairs of present buildings or making additions thereto, and by equipping the same according to existing laws, including the issuing of notes or bonds and providing for the payment thereof. It is readily seen that such school officers are given wide discretionary powers with reference to their joint arrangements for the accommodation of the pupils of the respective municipalities. Under the foregoing statutory provisions, the school officials of Haddon township and the town of Carlisle entered into a contract concerning their joint high school building, which contract is made a part of the complaint by exhibit. It is therein agreed, *inter alia,* that "if at any time there should not be sufficient room in the present Carlisle school building to accommodate all pupils desiring education in the grades, and if there shall be unoccupied space in said joint high school building which can be utilized for the teaching of any of the grade rooms, then it is hereby agreed that such room in such joint high school building shall be used for the teaching and education of such pupils as

may wish to attend any of the grades, and for whom there is not sufficient room in the present Carlisle school building." It may therefore be inferred that the school officials originating the high school scheme between the town of Carlisle and Haddon township, did not in the exercise of discretionary powers given them by the statute, deem that the housing of grade pupils in the high school building involved would cause great confusion in the management and carrying on of the high school work therein, that such a course would jeopardize the efficiency of such high school work, that it would greatly damage the high school and appellant, and his cosufferers, and his child and other children attending such high school. It is true that no right to use any room in said building was reserved to the township, but this may be readily explained by the fact that the building was inside the town, and therefore close to the grade pupils of the town, while it was not anticipated that an emergency might arise which would make it expedient, we may say imperative, to use one of such rooms for township grade pupils. While such emergency is *dehors* the record, we shall take the liberty hereinafter to refer to it. Is there any doubt as to the right of the contracting parties, in the exercise of their discretion, and that they might be practicable, to contract with reference to housing the grades of the town of Carlisle? The answer must be that there is no doubt, and by the same process of reasoning, it was the right of the contracting parties to have contracted with reference to the use of the building for the grades of the township. Not having done so, there is now a board of control that has full control and management of the school, and this 2. of necessity must include the care and custody of the building in which such school is held, with right to direct as to its use. This right is exclusive, and will

therefore not be interfered with by the courts. *Windle v. City of Valparaiso* (1916), 62 Ind. App. 324, 113 N. E. 429; *City of Indianapolis* v. *Maag* (1915), 57 Ind. App. 493, 107 N. E. 529; *Muhler* v. *Hedekin* (1889), 119 Ind. 481, 20 N. E. 700.   Certainly not at the suit of a private party, unless for the protection of some

3.    private right, or the prevention of private wrong different from that sustained by the general public. *Muhler* v. *Hedekin, supra; Indianapolis* v. *Maag, supra; Spurrier* v. *Vater* (1916), 62 Ind. App. 669, 113 N. E. 732; *Landes* v. *Walls* (1903), 160 Ind. 216, 66 N. E. 679; *Lowe* v. *City of Lawrenceburg* (1912), 177 Ind. 629, 98 N. E. 637.   For the reason that the matter of the use of the room in the building was exclusively with the board of control, and for the reason that appellant as a private person who suffered no special wrong cannot maintain an action for the invasion of a public right, we hold that the complaint did not state a cause of action.   Having reached this conclusion under the law, the circumstances are such as to make us entirely satisfied therewith.   We learn from appellee's brief that during the summer of 1918, a tornado destroyed one of the district schools of Haddon township, and the war being on, it was not possible to rebuild.   There were vacant rooms in the joint high school building here involved, and appellee Woodward thought it proper under the circumstances to utilize one of such rooms for the district school for the year of 1918-19.   He made his preparation so to do, and this action resulted.   Appellant has not challenged this statement of fact, as he certainly would have done, in self defense, had it been false.   Assuming it to be true, we have no hesitation in saying that the conduct of appellant in bringing this suit and prosecuting it under such circumstances is unwarranted.

The judgment is affirmed.