## HARNETT et v EDMONSTON et

Ohio Appeals, 2nd Dist, Franklin Co

No 2153. Decided Feb 23, 1932

Stuart R. Bolin, Columbus, for plaintiff.

Gilbert Bettman, Attorney General, Columbus, Isadore Topper, Ass't Attorney General, Columbus, Kenworthy, Shallberg and Harber, and Hamilton & Kramer, Columbus, Special Counsel for defendants.

KUNKLE, J.

An issue was thus joined by the pleadings.

The plaintiff brings this suit as a tax payer and also brings the suit as the President of The Buckeye Blower Company, a company engaged in the manufacture of ventilating appliances in competition with the Hernelco System. He also states in his petition that he brings the suit in behalf of all others similarly situated. The averments of the petition clearly show the capacities in which plaintiff sues. The third paragraph of the second page of the petition sets forth clearly that he is suing as

an individual tax payer and as President of The Buckeye Blower Company, and that the suit is brought upon behalf of himself and all others similarly situated.

The general denial in the answer relates to all the averments of the petition except those which are specifically admitted, and the averment in reference to his capacity to sue was not admitted. However broad the plaintiff may have made the averments of his petition as to the capacity in which he sues, it must be conceded that his right to bring this proceeding is narrowed down to his capacity to sue as a tax payer and at the most to his capacity to sue as President of The Buckeye Blower Company, a rival concern.

As above stated the case is here on appeal and considerable additional testimony was heard in this court.

In the lower court the plaintiff testified that he owned certain property in Franklin County and was a tax payer in Franklin County, Ohio.

"Q. What position, if any, do you occupy with the Buckeye Blower Company of this city?  A.  President.

"Q.  Are you a stockholder of that corporation?  A.  I have to be to be on the Board of Directors."

That constitutes the record in the lower court, insofar as it relates to the capacity of the plaintiff.

In the hearing of the case in this court, page 4 of the record, the following questions were asked:

"Q.  You are no longer the president of that corporation?  A.  No.

"Q.  Have you any affiliations with that company at the present time?  A.  No."

He then testified as to the ownership of certain property in Bexley and the City of Columbus, part of which was in the joint names of himself and his wife, and part in his name.

"Q.  Do you own any property in Martin Township, Lucas County, Ohio?  A.  No.

"Q.  Do you own any property in Mahoning County?  A.  No."

He further testified that he did not know who now owned the controlling interest in the Buckeye Blower Company.

The plaintiff's answers to the questions in this court clearly disposes of his case in sofar as it relates to his presidency of the Buckeye Blower Company.  Whether he is or is not even a stockholder in the Buckeye Blower Company does not appear.  In the trial in the lower court his answer was that he would have to be a stockholder in order to be on the Board of Directors.  His answer in our court was:

"Q.  Have you any affiliations with that company at the present time?  A.  No."

In view of the general denial, the burden is upon the plaintiff to establish his legal capacity to sue, and he clearly removes the one capacity in which he was suing, namely as President of The Buckeye Blower Company, and makes no claim in the petition that he is suing as a stockholder of The Buckeye Blower Company, and in the state of the record, even if that were in issue by the pleadings we could not determine the same in favor of plaintiff in error.

The other capacity in which he sues is that of a tax payer.  The record clearly shows that the plaintiff is not a tax payer in any of the counties in which the defendants have permitted the Hernelco System to come in competition with the company formerly represented by the plaintiff as President and other competing companies. It will be noted in passing that neither of the defendants let any contracts for school buildings.  The contracts are let by the local Boards of Education.

From a consideration of the record and the authorities, we are of opinion that the plaintiff is without authority to maintain this action.  The defendants have never approved, insofar as the record discloses, nor have they ever been called upon to approve the Hernelco System, for any school building in Franklin County, in which the plaintiff is a tax payer.  He concedes that he owns no property in any of the other counties referred to in the petition and in which the defendants have merely approved the receiving of bids upon the Hernelco System.  The acceptance and rejection of such bids, after being received, rests wholly in the direction of the local boards of education.

We think the rule is well settled, that a tax payer, like any other party to a proceeding in equity, must show that some act is about to occur which will result in some material injury to him, and for which he has no other adequate remedy.

Counsel for plaintiff call our attention to the case of **Meeker v Scudder, 108 Oh St Rep. at page 423.**  We have examined this

case but think the case at bar is clearly distinguishable therefrom. It may be observed in passing that before the plaintiff is entitled to relief in any capacity in which he may sue, it must appear that he has in some way been injured or damaged, and from the state of the record, even if he were still the President of the Buckeye Blower Company or otherwise interested therein, we would not be prepared to say that any of the localities referred to in the petition would have accepted the proposition of The Buckeye Blower Company, even if the Hernelco System had not been in competition.

Whenever some locality sees fit to accept a bid of the Hernelco System for the installation of its heating and ventilating system, and is about to enter into a contract with such company for such installation, it will then be ample time for some competing company such as the Buckeye Blower Company or any other interested company to raise the question of the constitutionality of the law in question in some court having jurisdiction over such contract.

From an examination of the authorities and an application of the facts as set forth in the record, we are of opinion that the plaintiff is without legal capacity to sue. It therefore becomes unimportant to discuss the many other very interesting questions suggested by counsel.

The petition of the plaintiff will be dismissed.

ALLREAD, PJ, and HORNBECK, J, concur.