STANLEY HESSIAN v. WILLIAM S. ERVIN AND OTHERS.[1]

January 13, 1939.

No. 32,019.

[1]Reported in 283 N. W. 404.

*John A. Goldie,* for appellant.

*William S. Ervin,* Attorney General, and *Roy C. Frank,* Assistant Attorney General, for respondents.

STONE, JUSTICE.

Seeking a judgment declaring the unconstitutionality of L. 1929, c. 191, 3 Mason Minn. St. 1938 Supp. § 254-1, *et seq.,* plaintiff got one to the contrary and appeals.

There was a trial below, and the case is before us on the decision of the judge. The challenged act is entitled:

"An act to establish a State Employes Retirement Fund, to authorize deductions from salary therefor and the payment of annuities and benefits therefrom, to provide for the management of said fund by a retirement board, and to define the powers and duties of such board."

Its scope is pretty well indicated by that title. In addition to the retirement fund provided for, the state employes retirement association was established by the law. Membership therein was made optional for the then state employes, but all new state employes, excepting only elective state officers, were automatically to become members of the association by acceptance of state employment.

Every member is required to contribute to the retirement fund three and one-half per cent of his or her regular salary. Following that demand is this:

"Such payment shall be made by deduction thereof from such salary. The head of each department is hereby directed to cause such deduction to be made on each abstract from the salary of each member of the retirement association and to approve one voucher

payable to the state treasurer for the aggregate amount so deducted from the salaries covered by said abstract."

The management of the fund is vested in the state employes retirement board, consisting of seven members. The state treasurer is *ex officio* one of them, and also treasurer of the association.

Plaintiff became an employe of the oil inspection department November 1, 1931. He seems to be suing in the dual capacity of (1) a state employe and (2) a member of the retirement association. His argument proceeds in the main upon the familiar guaranties of due process and equal protection of law. There is thrown in something about special legislation and taxation. So far as plaintiff's argument proceeds upon the assumption that the payments of state employes into the retirement fund constitute a tax upon them, it is without basis. The payments are not taxes, but are the proceeds of taxes, as such allocated by law to a special fund.

■ Plaintiff so far has no right of an irrevocable or irrepealable nature in or to the fund, or any part of it. Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 L. ed. 426; Pecoy v. City of Chicago, 265 Ill. 78, 106 N. E. 435; People ex rel. Donovan v. Retirement Board, 326 Ill. 579, 158 N. E. 220, 54 A. L. R. 940; Bader v. Crone, 116 N. J. L. 329, 184 A. 346; *cf.* Ball v. Bd. of Trustees, 71 N. J. L. 64, 58 A. 111 (contributions optional). Nor will rights accrue for him until performance of the conditions precedent to payments from the fund, *i. e.,* retirement after contributing for the statutory period. Even then it may be doubtful whether there will be a vested right to anything except payments already accrued. Dodge v. Board of Education, 302 U. S. 74, 58 S. Ct. 98, 82 L. ed. 57; Gibbs v. Minneapolis Fire Dept. Relief Assn. 125 Minn. 174, 145 N. W. 1075, Ann. Cas. 1915C, 749; but see State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292, 98 A. L. R. 501.

■ Plaintiff, having no right of person or property which is adversely affected by the law, is in no position to complain of its operation. He certainly has no such right in his status of state officer or employe. That is because "public offices in this state are mere agencies of the government, created for the benefit of the

public, not for the benefit of the incumbent." In the absence of constitutional restriction, and there is none for this case, "their emoluments, when they are * * * prescribed by law, may be altered, increased, reduced, and regulated by law." Not only that, but, the office itself may be discontinued or abolished. County Commrs. Hennepin Co. v. Jones, 18 Minn. 182, 185 (199). See also 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 8007; 46 C. J. 1020.

It matters not whether an employe's contributions to the retirement fund are paid for his account from the state to the fund, or are to be thought of as going first to the employe and then from him to the fund. The fact is that as to those in plaintiff's class they never reach the employe at all, but are paid directly into the retirement fund. *Cf.* Pennie v. Reis, 132 U. S. 464, 10 S. Ct. 149, 33 L. ed. 426; Pecoy v. City of Chicago, 265 Ill. 78, 106 N. E. 435; Allen v. Board of Education, 81 N. J. L. 135, 79 A. 101.

The most favorable view for plaintiff, and it does not help him any, is that his employment is by law conditioned on the making of these payments. Subject to that condition he accepted and enjoys his office. In that capacity, therefore, he is in no position to complain on any legal ground of what the state does with the fund.

■ Neither does this case present any ground of complaint concerning plaintiff's treatment as member of the retirement fund association. In that status he may get rights under the law. Plaintiff is not entitled as yet to an annuity or any other payment from the retirement fund. The scheme of the law is under attack because from the actuarial standpoint it seems to be so unsound as to be doomed to early insolvency, if not complete failure, without fundamental change or the aid of outright appropriations to maintain its solvency. It may need both. The findings of fact indicate that the fund now shows a deficit of $739,062.30. But that fault is chargeable to the law itself, and the remedy is with the legislature.

As a member of the retirement fund association, plaintiff, so far as this case discloses, has not become the victim of unconstitutional legislation. He claims no wrong of malfeasance or nonfeasance by the management board of the fund. His complaint therefore is re-

duced to one of the actuarial deficiency of the whole scheme. In short, the charge is that the legislature has blundered. Absent transgression of constitutional limitations, the citizen has no judicial remedy for such an error. Legislators, like judges, have much room for error. Such remedy as there is must come from the department which has made the mistake. Hence there is nothing, in any view of the case, to indicate a wrong for which there is judicial remedy.

Plaintiff having failed to show cause why as to him the involved statute is unconstitutional, the judgment is affirmed.

Affirmed.

