ANDREW C. DUNN, ALSO KNOWN AS A. C. DUNN, v.
HARRY C. SCHMID AND OTHERS.[1]

July 10, 1953.

No. 36,004.

*Julius A. Coller II,* for appellant.

*J. A. A. Burnquist,* Attorney General, and *Lowell J. Grady,* Assistant Attorney General, for respondents.

MATSON, JUSTICE.

Appeal from an order dismissing plaintiff's action against two defendants, the state department of education of the state of Minnesota and Harry C. Schmid as director of vocational education of the department of education of the state of Minnesota.

This appeal arises out of an action brought against the state department of education, Harry C. Schmid in his official capacity as director of vocational education of said department, Harry C. Schmid as an individual, and Peter Wick, an engineer-inspector for the Smaller War Plants Corporation. Prior to February 1,

[1]Reported in 60 N. W. (2d) 14.

1944, the plaintiff was engaged in production work for the war effort. On that date he entered into an agreement with the board of education of Shakopee Independent School District No. 1 of Scott county, Minnesota, (hereinafter called the school district) to obtain the use of certain premises leased to the school district by the state of Minnesota, which premises were then being used by the school district for vocational educational purposes. The agreement was to last for the duration of World War II plus six months, and according to its terms plaintiff gained the use of two state buildings, certain maintenance tools, a foundry, and the machines of a machine and sheet metal shop when such use would not interfere with the instruction of students by the school district.

The complaint alleges that shortly after entering into the agreement plaintiff obtained a loan of $20,000 from the Smaller War Plants Corporation to carry on his work and that, at his own expense, he brought much additional equipment and machinery into the buildings at Shakopee. Plaintiff then applied for an additional $100,000 loan, but his request was refused. Plaintiff alleges that the failure to secure this loan was due to a conspiracy between defendant Harry C. Schmid, who was then and now is director of vocational education, and defendant Peter Wick, who was employed by the Smaller War Plants Corporation as an engineer to inspect plants and file a report before a loan was made. The complaint alleges that Wick did file with his employer a false and fraudulent report of his inspection and examination of the plant at Shakopee. It is further alleged that early in the year 1946 Schmid used his position as director of vocational education to exert pressure and unlawfully induced the school district to lock plaintiff out of the building and deprive him of the use of the plant and equipment but that the plaintiff and the school district later settled their differences, prepared an inventory of the property, and agreed that each was to receive one-half of the property listed in the inventory. Plaintiff admits receiving some property pursuant to this alleged agreement but claims that before he received all the property to which he was entitled, Schmid intervened and wrongfully induced

the school district to give up and surrender the remainder of the property to Schmid. According to plaintiff, all of this was a fraud by Schmid to retain unlawfully the property and to deprive plaintiff of his rightful use and possession thereof.

Plaintiff brought this action to recover $120,000 damages and the specific property involved of the alleged value of $75,000 or in the alternative for damages in the total sum of $195,000.

The attorney general for the state of Minnesota appeared and interposed an answer for Schmid "as an individual and not otherwise." No answer was interposed on behalf of Schmid in his official capacity or for the state department of education. On the contrary, the attorney general made a motion to dismiss the action against Schmid in his capacity as director of vocational education and also against the state department of education. This appeal is from an order granting the attorney general's motion in its entirety.

We are not here concerned with the question of possible personal liability of the defendant Schmid[2] but only with the fundamental issue of whether the attorney general, by interposing an answer in behalf of Schmid as an individual, has waived the immunity of the state of Minnesota from suit.

■ The state department of education is one of the official departments of the state through which the state exercises a governmental function, and consequently an action against such department for the recovery of property and money damages is in effect a suit against the state itself.[3] State agencies vested with the per-

---

[2]Nowhere in the complaint is there any allegation that any of the acts complained of against Schmid were done in any capacity other than his official capacity as director. As to the liability of administrative and judicial officers for tort generally, see Jennings, *Tort Liability of Administrative Officers*, 21 Minn. L. Rev. 263; Davis, Administrative Law, § 231; Wilbrecht v. Babcock, 179 Minn. 263, 228 N. W. 916; Stevens v. North States Motor, Inc. 161 Minn. 345, 348, 201 N. W. 435, 436, 40 A. L. R. 36 (dicta in two foregoing cases); Linder v. Foster, 209 Minn. 43, 295 N. W. 299, wherein Stewart v. Cooley, 23 Minn. 347, 23 Am. R. 690, is overruled; Hitchcock v. County of Sherburne, 227 Minn. 132, 34 N. W. (2d) 342.

[3]See, Ford Motor Co. v. Dept. of Treasury of Indiana, 323 U. S. 459, 65 S. Ct. 347, 89 L. ed. 389.

formance of governmental functions are immune from suit.[4] This action is brought not only against the state department of education directly but also against Schmid in his official capacity as director of vocational education for that department. The vocational education work carried on by Schmid in his official capacity is but a phase of the department's governmental activities.[5]

It is an elementary principle of jurisprudence that a sovereign state cannot be sued by individuals in its own courts or in any court without its consent.[6] In recognition of the state's immunity from suit, the attorney general interposed no answer for the state department of education or for Schmid in his official capacity but instead moved for a dismissal as to these defendants. Plaintiff, however, appeals from the order of dismissal on the unique theory that, because the attorney general interposed an answer for Schmid *as an individual,* the attorney general had waived the state's immunity. Plaintiff contends that the attorney general is without power to defend a government official when he is sued as a private person for acts done in his official capacity. He next argues that it necessarily follows that the attorney general thereby waived the immunity of the state since the answer he interposed for Schmid "as an individual and not otherwise" is in effect an answer in behalf of Schmid in his official capacity as director of vocational education. Assuming *arguendo* that plaintiff's inferences are justifiable, it must be pointed out that they are based on two questionable assumptions; namely, (1) that the attorney general is wholly without power ever to appear in defense of a public official who is sued in his individual capacity, and (2) that the attorney general has the power to waive the immunity of the state.

---

[4]See, M. S. A. 120.01; Berman v. Minnesota State Agricultural Society, 93 Minn. 125, 100 N. W. 732; George v. University of Minnesota Athletic Assn. 107 Minn. 424, 120 N. W. 750; State ex rel. Smith v. Van Reed, 125 Minn. 194, 145 N. W. 967.

[5]Cf. M. S. A. 120.01 and 128.27.

[6]Berman v. Minnesota State Agricultural Society, 93 Minn. 125, 100 N. W. 732; 6 Dunnell, Dig. & Supp. § 8831; 49 Am. Jur., States, Territories, and Dependencies, § 91.

■ It will be necessary only to consider plaintiff's second assumption that the attorney general may waive the state's immunity. The assumption is erroneous. Neither the state constitution nor any applicable statute gives him such power. It is the general rule that, *unless duly authorized by law,* the attorney general may not waive the immunity of the state from suit and thus cannot bind the state by appearing in an action so as to give the court jurisdiction.[7] Although there is some authority to the contrary in certain jurisdictions,[8] Minnesota adheres to the general rule.

Plaintiff cites Nollet v. Hoffmann, 210 Minn. 88, 297 N. W. 164, 134 A. L. R. 192, in support of his assumption. In that case, which involved a declaratory judgment against the state commissioner of highways and the state director of civil service, this court observed that the attorney general appeared without a hint or suggestion of immunity to suit and that, therefore, it might be assumed that he had consented to litigate the issue presented by his answer. Such observation by the court was wholly unnecessary to the decision since the defendant officials were clearly subject to suit under the holding of prior cases and there was, therefore, no necessity to find or imply a waiver of immunity. Also, as the court noted therein, the action was not one for the recovery of damages but for the defining of administrative duties with respect to a rule promulgated by authority of statute. As noted in State ex rel. Birkeland v. Christianson, 179 Minn. 337, 229 N. W. 313, this court has recognized a right of judicial review not only with respect to ministerial duties but also to a limited extent with regard to quasi-judicial actions which have been taken by officials pursuant to statutory authorization.

In view of our determination that the attorney general was without power to waive the immunity of the state to suit, it is unnecessary to pass upon plaintiff's other assumption, namely, that the

---

[7] 5 Am. Jur., Attorney General, § 11; 49 Am. Jur., States, Territories, and Dependencies, § 96; Annotation, 42 A. L. R. 1484, and cases therein cited. See 6 Dunnell, Dig. & Supp. § 8831, in re summary of Minnesota decisions in actions by and against the state.

[8] See, Annotation, 42 A. L. R. 1485.

564

attorney general is not authorized to represent a public official in an action wherein he is sued as an individual.[9]

The order of the trial court is affirmed.

Affirmed.

[9]It should be noted that the attorney general, in addition to his powers expressly conferred upon him by statute (see, M. S. A. 8.01), is possessed of extensive common-law powers which are inherent in his office. State ex rel. Young v. Robinson, 101 Minn. 277, 112 N. W. 269, 20 L.R.A.(N.S.) 1127. As to an attorney general's right to defend a public official when sued as an individual, see Mundy v. McDonald, 216 Mich. 444, 185 N. W. 877, 20 A. L. R. 398; Booth v. Fletcher, 69 App. D. C. 351, 101 F. (2d) 676; Jones v. Kennedy, 73 App. D. C. 292, 121 F. (2d) 40.