JUNE SLEZAK AND OTHERS v. O. M. OUSDIGIAN.
MARK C. ERSPAMER AND OTHERS, APPELLANTS.

110 N. W. (2d) 1.

June 16, 1961—No. 38,052.

*Byron J. Casey,* for appellants.

*Walter F. Mondale,* Attorney General, and *William M. Serbine,* Special Assistant Attorney General, for respondent.

NELSON, JUSTICE.

This action purports to be a class action on behalf of the membership of the Public Employees Retirement Association, an association governed by Minn. St. c. 353. The plaintiffs are June Slezak, Mark C. Erspamer, Paul Ravenscraft, Lawrence H. Furcht, and George Ruoms.

The action is against O. M. Ousdigian, who is the duly appointed and acting secretary of said association and has been for many years, and the complaint indicates that the suit is directed against him in his capacity as secretary.

The complaint alleges that this is a class action and that the plaintiffs are representative of a large group of members of PERA, as the association will be designated herein; that the action is brought because the plaintiffs are interested in protecting and furthering the assets of PERA and to have the defendant account for expense claims which they allege he has in the past wrongfully and fraudulently asserted against PERA and which have been paid to him, thereby unjustly depriving the association of assets.[1] The plaintiffs pray for judgment:

"1.   That the defendant be required to account in detail as to the claims for expenses he has made for all the years during which he

---

[1]See, Rules of Civil Procedure, Rule 23.01.

has been secretary of the association and has drawn expense money from said association.

"2. That the defendant be required to repay to the association, with interest, all funds which it is found that he has wrongfully, fraudulently, and unlawfully withdrawn from said association."

More specifically, plaintiffs allege defendant as secretary presented to the board of PERA certain claims for expenses incurred in the performance of his duties which claims were false and fraudulent because they did not represent expenses actually paid or incurred therein. The following were stated as representative of such claims:

"That on July 18, 1957, the defendant claimed the sum of $5.65 for 'dinner and sundries' at a Glen Lake meeting. That actually the defendant at said time attended a noon meeting of the employees of the Glen Lake Sanitarium for which a free meal was provided to him. On August 27, 1957, the defendant claimed $5.85 for a 'dinner and incidentals' again at a Glen Lake meeting. That said meeting was an 8:00 evening meeting for which a dinner was not necessary.

"That on the 30th day of July, 1956, the defendant claimed the sum of $1.75 for lunch and $3.50 for dinner and 135 miles at 7½ cents a mile to Faribault, Owatonna, and return. That actually on said date the defendant was furnished a dinner by the Owatonna Rotary Club. That he spoke to the Owatonna Rotary Club about personal matters and not about Public Employees Retirement Association.

"That between the dates of October 31, 1950, and December 1, 1955, the defendant has made claims and been paid for meals the sum of $10,493.00."

No further particulars of the alleged fraud are set forth in the complaint. Rule 9.02 of Rules of Civil Procedure specifically requires that the circumstances constituting fraud must be stated with particularity in a complaint to state a cause of action based on fraud. There is no allegation by plaintiffs that anyone was induced to act in reliance upon any fraud; neither do the allegations make a sufficient showing of pecuniary damage. Love v. Anderson, 240 Minn. 312, 61 N. W. (2d) 419; 1 Pirsig, Minn. Pleading (4 ed.) § 586.

The defendant alleges that all expense items paid to him as secretary

of PERA were first approved by the board of PERA, in accordance with Minn. St. 353.03, as proper charges incurred by him in the performance of his duties as such officer. Defendant further claims in his answer that the plaintiffs have no legal capacity to bring or maintain this action.

The trial court ordered summary judgment for defendant and three of the plaintiffs appealed therefrom.

Since this action was instituted prior to the effective date of L. 1959, c. 650, which amended some sections of Minn. St. 1957, c. 353, and repealed others, all references herein to sections of c. 353 are to sections of Minn. St. 1957, c. 353.

Section 353.03, subd. 1, so far as material, provided:

"The management of the public employees retirement fund is hereby vested in a board of 12 members, who shall be known as the public employees retirement board. This board shall consist of the state auditor, the state insurance commissioner, the state treasurer, and nine other persons who shall be elected from the membership by the members of the retirement association at a time and in a manner to be fixed by the retirement board."

Section 353.03, subd. 3, provides:

"The board shall elect a chairman and appoint a secretary and such other employees as may be necessary and fix their compensation. The board shall from time to time, subject to the limitations of this chapter and of the law, establish rules and regulations for the administration of the retirement and other provisions of this chapter and for the transaction of its business."

The rights of members of PERA were limited by § 353.38 as follows:

"Nothing done under the terms of Laws 1957, Chapter 935, shall create or give any contract rights to any person, except the right to receive back upon withdrawal from the association through separation from the public service, the accumulated deductions, as by law defined, standing to his credit on the books of the association."

Section 353.08 provides:

"The attorney general shall be the legal adviser of the retirement board. The board may sue or be sued in the name of the public employees' retirement board of the public employees' retirement association and, in all actions brought by it or against it, the board shall be represented by the attorney general."

Minn. St. 8.01 provides:

"The attorney general shall appear for the state in all causes in the supreme and federal courts wherein the state is directly interested; also in all civil causes of like nature in the district courts whenever, in his opinion, the interests of the state require it * * *."

■ The attorney general is the chief law officer of the state. His powers are not limited to those granted by statute but include extensive common-law powers inherent in his office. He may institute, conduct, and maintain all such actions and proceedings as he deems necessary for the enforcement of the laws of the state, the preservation of order, and the protection of public rights. He is the legal adviser to the executive officers of the state, and the courts will not control the discretionary power of the attorney general in conducting litigation for the state. He has the authority to institute in a district court a civil suit in the name of the state whenever the interests of the state so require. See, Dunn v. Schmid, 239 Minn. 559, 60 N. W. (2d) 14.

■ The attorney general in the instant case had made no attempt to intervene in behalf of the board of PERA but has filed an answer in behalf of the secretary of the board as such and in his individual capacity. It should be noted in this connection that Minnesota adheres to the general rule that unless duly authorized by law to do so the attorney general may not waive the immunity of the state from suit, and could not therefore bind the state by his appearance in this action so as to give the court jurisdiction of the agency here involved or the board representing that agency in the absence of a statute so providing. See, Dunn v. Schmid, *supra*.

■ The beneficiary under c. 353 has no vested right in a pension granted by government except as payments become due him

absolutely under the law since public officers and employees in this state are mere agencies of government. Their compensation, in the absence of constitutional restriction, may be reduced and regulated by law. The contributors have no vested right in the payments deducted from their salaries which go to make up the state employees retirement fund, and a member of the PERA has no vested right in a pension granted except as payments become due him absolutely under the law. The presumption is that a statute or an ordinance granting a gratuity to a public employee such as a retirement pension is not intended to create private contractual or vested rights but merely declares a policy to be pursued until the legislature or city council shall ordain otherwise. See, Hessian v. Ervin, 204 Minn. 287, 283 N. W. 404; Johnson v. State Employees' Retirement Assn. 208 Minn. 111, 292 N. W. 767; Halek v. City of St. Paul, 227 Minn. 477, 35 N. W. (2d) 705; 17 Dunnell, Dig. (3 ed.) § 8846cc.

It is firmly established in this state that a state employee even though under civil service has no vested right to his position. See, Starkweather v. Blair, 245 Minn. 371, 71 N. W. (2d) 869.

Plaintiffs' complaint indicates clearly that the defendant was sued not only individually but in his capacity as secretary of the board of PERA. The suit is limited to acts done in that capacity. The attorney general is required to appear for the state in all civil causes whenever in his opinion the interests of the state require it. This would imply that he is required to defend cases in which the people of the state may be interested. See, Dunn v. Schmid, 239 Minn. 559, 564, note 9, 60 N. W. (2d) 14, 17, note 8.

The public examiner is required to examine and audit the books and accounts of PERA annually and to make a full and detailed report thereof to the board. § 353.16. The examiner's audit and report of the affairs of PERA did not disapprove of the expense items involved on this appeal. Here again it is important to note that until a member is qualified for a benefit from the retirement fund that member has no vested rights therein and no contractual right by reason thereof except to receive a refund of the amount of his own contributions upon separation from the service. There is no claim here that

the plaintiffs are entitled to an annuity or other absolute payment benefit from the retirement fund.

In Johnson v. State Employees' Retirement Assn. *supra,* this court held that a pensioner or "beneficiary" has no vested rights in a pension granted by government except as payments become due him absolutely under the law. In Hessian v. Ervin, *supra,* this court held that a member of the retirement fund association not as yet entitled to any payments from the fund is without judicial remedy for actuarial deficiencies which threaten the solvency of the fund. As pointed out in the Johnson case, PERA is a creature of statute, as is the board acting for and representing that association, and no power exists whereby the association may contract with its members. Section 353.38 prohibits creating or giving any "contract rights" to members except the right to refundment of contributions upon withdrawal from the association upon separation from public service. The provision in the law which says that the monthly annuity due a beneficiary shall be paid only from the retirement fund (§ 353.27, subd. 6) indicates that no absolute contract obligation exists. The whole arrangement is statutory and the statutes governing PERA may be repealed or altered as the legislature deems just and proper. Under the circumstances it can hardly be contended that this appeal presents a case of an unconstitutional impairment of contract rights.

This court in Gibbs v. Minneapolis Fire Dept. Relief Assn. 125 Minn. 174, 176, 145 N. W. 1075, 1076, Ann. Cas. 1915C, 749, 750, said:

"As against the state there is no vested right in the pension accruing in the future from month to month. It may be taken away. The whole pension system may be abrogated without a violation of the Constitution. A pension already accrued cannot be taken away."

As was said in Johnson v. State Employees' Retirement Assn. 208 Minn. 111, 117, 292 N. W. 767, 770:

"We cannot make any distinction between those members who joined defendant voluntarily and those who became such by so-called compulsion. There may well be some objection to providing a pension based on a certain percentage of the salary and limiting the maximum

to any specified amount. *But insofar as the objection is based upon inequality or injustice as between employes, it is for the legislature and not the courts.* It may be said that as to plaintiff and those placed on the pension roll before him, no wrong has been done, for they have received much more from the retirement fund than was deducted from their salaries. The retirement fund was not contributed to by the state prior to April 23, 1939, and its only source was from deductions from the salaries of employes; but that can be of no importance from a legal point for no power was given defendant to contract with its members for the pension or annuity. That was fixed by the legislature." (Italics supplied.)

In Hessian v. Ervin, 204 Minn. 287, 289, 283 N. W. 404, 405, this court commented as follows on the issues involved in that lawsuit:

"Plaintiff so far has no right of an irrevocable or irrepealable nature in or to the fund, or any part of it. * * * it may be doubtful whether there will be a vested right to anything except payments already accrued. * * *

"Plaintiff, having no right of person or property which is adversely affected by the law, *is in no position to complain of its operation.* He certainly has no such right in his status of state officer or employe. That is because 'public offices in this state are mere agencies of the government, created for the benefit of the public and not for the benefit of the incumbent.' In the absence of constitutional restriction, and there is none for this case, 'their emoluments, when they are * * * prescribed by law, may be altered, increased, reduced, and regulated by law.' Not only that, but, the office itself may be discontinued or abolished." (Italics supplied.)

In Caton v. Board of Education, 213 Minn. 165, 168, 6 N. W. (2d) 266, 268, this court said what might seem appropriate to the instant case:

"This is not a representative suit, and since there is no showing made of loss, damage, or increase of burdens to anyone, we find no hook upon which plaintiff can hang a cause of action."

See, Smith v. City of St. Paul, 72 Minn. 472, 75 N. W. 708; Longcor

v. City of Red Wing, 206 Minn. 627, 289 N. W. 570; Cranak v. Link, 219 Minn. 112, 17 N. W. (2d) 359; Thomas v. Ramberg, 240 Minn. 1, 60 N. W. (2d) 18; State ex rel. Sholes v. University of Minnesota, 236 Minn. 452, 54 N. W. (2d) 122.

■ Plaintiffs contend that they are entitled to proceed by way of a class action in the instant case because of the relationship they occupy to PERA as state employees. Their right to a class or representative action must necessarily be determined by the statutory provisions defining their legal interest in the subject matter involved. One essaying to act for all must show himself to be fairly representative of the class. It has been well said that class actions should be closely scrutinized and permitted only in clear cases since a suit is not made representative merely because the parties so designate it. Whether or not it is representative depends upon the attending facts. See, Board of Supervisors v. Tureaud (5 Cir.) 228 F. (2d) 895 (dissenting opinion); State ex rel. Smith v. Haveland, 223 Minn. 89, 25 N. W. (2d) 474, 174 A. L. R. 544; 67 C. J. S., Parties, § 13(3); 39 Am. Jur., Parties, § 48.

The general rule is that in the absence of evidence to the contrary, public officers will be presumed to have performed their duties as required by law and not to have acted illegally, but regularly and in a lawful manner. This rule is usually applied when regulations, decisions, or orders of administrative officers are challenged in court, and in those cases the burden of proving otherwise is on the party who complains. Ketterer v. Independent School Dist. No. 1, 248 Minn. 212, 79 N. W. (2d) 428; Martin v. Wolfson, 218 Minn. 557, 16 N. W. (2d) 884; 42 Am. Jur., Public Administrative Law, § 240; Windle v. City of Valparaiso, 62 Ind. App. 342, 113 N. E. 429.

There is no contention by the plaintiffs that the board acted corruptly or that it intentionally committed a wrong. The action taken by the board on behalf of the secretary gives rise to the presumption that the secretary acted in good faith in the performance of his duty pursuant to the regulations adopted by the board in so far as the fraud charge herein is concerned. It has been held that a radical departure in the transaction of public business by a public officer from the usual and lawful method of transacting the same, or a palpable dis-

regard of an official duty might operate as a fraud in law although there was no intention to do a wrong. But a grievance based upon fraud, whether actual or constructive, to be actionable, must work an injury in some manner to the complaining party since this is an essential ingredient to the cause of action. Windle v. City of Valparaiso, 62 Ind. App. 342, 113 N. E. 429.

In Evens v. Anderson, 132 Minn. 59, 63, 155 N. W. 1040, 1042, where some taxpayers sought to enjoin issuance of bonds and other proceedings upon consolidation of school districts, the court held that in the absence of statute quo warranto was the exclusive proceeding to determine validity of the actions in question, saying:

"* * * A private citizen having no interest distinct from that of the public may not invoke the writ of quo warranto to test the organization of a public corporation. It may be invoked only by the attorney general of the state. The reason is not a technical one. It is an application of the principle that public rights are to be vindicated by public authority."[2]

■ Plaintiffs contend that the court below improperly granted the motion for summary judgment. They point to the court's failure to dismiss the action as proof that it had jurisdiction since Rule 12.08 of the Rules of Civil Procedure provides that the court shall dismiss an action whenever it appears that the court lacks jurisdiction of the subject matter. That rule, however, deals with waiver of defenses. Rule 56 deals with summary judgment, granting both parties the right to move therefor. This rule makes no distinction between legal and equitable actions. It applies to all actions. The fact that both parties may move for summary judgment does not establish that there is no

---

[2]Windle v. City of Valparaiso, 62 Ind. App. 342, 113 N. E. 429; Harnett v. Edmonston, 44 Ohio App. 304, 185 N. E. 426; Nixon v. School Dist. 32 Kan. 510, 4 P. 1017; Purcell v. Woodward, 75 Ind. App. 380, 130 N. E. 660; City of New Rochelle v. Beckwith, 268 N. Y. 315, 197 N. E. 295, 100 A. L. R. 991; Landes v. Walls, 160 Ind. 216, 66 N. E. 679; Lowe v. City of Lawrenceburg, 177 Ind. 629, 98 N. E. 637; City of Indianapolis v. Maag, 57 Ind. App. 493, 107 N. E. 529; Arrington v. Jones (Tex. Civ. App.) 191 S. W. 361; Greer v. Austin, 40 Okl. 113, 136 P. 590, 51 L.R.A. (N.S.) 336.

issue of fact. The presence, however, of a question of law, when there is no genuine issue of fact, is not a bar to a summary judgment. The rule contemplates and requires that in such a situation the court render a summary judgment. See, 3 Youngquist & Blacik, Minnesota Rules Practice, p. 90. We have held in this state that where the decision is right as a matter of law, this court will affirm. 1 Dunnell, Dig. (3 ed.) § 421; Spiess v. Brandt, 230 Minn. 246, 41 N. W. (2d) 561, 27 A. L. R. (2d) 1.

In Nielson v. Farley (S. D. N. Y.) 26 F. Supp. 948, the court held that a motion to dismiss the complaint on grounds of lack of jurisdiction of subject matter and defendants' persons and of failure to state a claim was in effect a motion for summary judgment, and would be so treated.

From an examination of the authorities and the record herein we are of the opinion that the plaintiffs are without legal capacity to maintain their suit and the summary judgment was properly ordered. It therefore becomes unimportant to discuss any other question suggested by counsel.

Affirmed.

MR. JUSTICE OTIS, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.